THEODORE PLATE, Appellant, v. BARBARA KOEHLER ET
AL., Respondents.

February 24, 1880.

At the death of the husband and father, the widow and minor children take an
absolute title in the homestead, and the substantive right of the children
in such homestead cannot be divested by any act of the widow, of the
father's creditors, or of the Probate Court.

APPEAL from the St. Louis Circuit Court.
*Affirmed.*

RUDOLPH SCHULENBURG, for the appellant: The widow
and children took the same estate of which the husband and
father died seized. — Wag. Stats. 698, sect. 5 ; *Skouten* v.
*Wood*, 57 Mo. 381. The husband and father had the fee-
simple, with right to alienate without the consent of the wife
or children. — Thomp. on Home. & Ex., sects. 502, 509 ;
*Davis* v. *Andrews*, 30 Vt. 680. This estate, with the right
in the head of the family to convey the same, passed to the
wife and children upon the death of the husband and
father. — *Howe* v. *Adams*, 28 Vt. 544 ; *McDonald* v. *Cran-
dall*, 43 Ill. 231 ; *Lamb* v. *Mason*, 45 Vt. 500 ; *Getzler* v.
*Saroni*, 18 Ill. 511. While the parents, or either of them,
live and remain *sui juris*, the minor children have no sub-
stantive rights in the bounty of a homestead which they
can assert independently of the parents as against them. —
*Clubb* v. *Wise*, 64 Ill. 157 ; *Shepard* v. *Brewer*, 65 Ill.
383 ; *Wright* v. *Dunning*, 46 Ill. 271 ; *Buck* v. *Conlogue*,
49 Ill. 391 ; *Brown* v. *Coon*, 36 Ill. 243 ; *Tadlock* v. *Eccles*,
20 Texas, 782 ; *Brewer* v. *Wall*, 23 Texas, 585 ; *Johnson* v.
*Taylor*, 43 Texas, 121 ; *Dawson* v. *Holt*, 44 Texas, 179 ;
*Howze* v. *Howze*, 2 So. Car. 229 ; *Nevins' Appeal*, 47 Pa.
St. 230 ; *Morrel.* v. *Hopkins*, 36 Texas, 686 ; *Walker* v.
*Young*, 37 Texas, 519 ; *Hartman* v. *Thomas*, 37 Texas, 90.

C. KOERNER, for the respondents : Under the " home-
stead law " the fee passes to the widow and minor children

PLATE *v.* KOEHLER. 397

of the deceased. — *Bank* v. *Gale*, 42 Vt. 27 ; 57 Mo. 380 ;
*Ackley* v. *Chamberlain*, 16 Cal. 181.

BAKEWELL, J., delivered the opinion of the court.

This is an action of ejectment against defendant Barbara
and her five children, of whom four are minors.

It appears from the evidence that Paul Koehler died in
1873, seized in fee of the premises in dispute, on which he
was living at the time of his death, with defendants, who
were his wife and children. The property is 50 × 124½ feet,
in St. Louis, and was worth, in 1873, over $5,000. The
premises have been occupied since Koehler's death as a
residence by defendants, except as to defendant Frederick,
who is of age. At the date of Koehler's death the prop-
erty was subject to the lien of a deed of trust for $1,500,
executed by himself and wife. By his will, Koehler left all
his property to his wife *dum sola*, for life, with power to
execute a deed of trust to pay the existing encumbrances,
the new mortgage not to exceed the amount of the existing
deed of trust. The widow and executrix applied to the
Probate Court for an order of sale of this realty, setting
forth that there were debts proved against the estate to the
amount of $1,416, in addition to the deed of trust. The
order was made, and the executrix became the purchaser,
subject to the deed of trust; after which she executed a
deed of trust to the trustees of plaintiff to secure a loan of
$3,700 then made to her by him, and under the foreclosure
of that deed, plaintiff purchased the premises. The execu-
trix applied $2,138.18 of the money borrowed from plain-
tiff to pay the original deed of trust and interest and
taxes which were a lien on the property. In final settle-
ment she accounted for the purchase-money of the premises
at the sale under the administration law, charging herself
with the amount, $3,300. The balance in her hands,
$1,469, was retained by her under the will. In May, 1878,
judgment for possession was given against Barbara, the

widow, in a proceeding by plaintiff against her, in which she defended on the ground that, on these facts, she had a homestead in the premises in her own right. This judgment is still in force. In the present action there was judgment against defendant Barbara for possession and $465 damages, and judgment in favor of all the other defendants, including defendant Frederick, who was of age, and who made default.

The question is whether, under our homestead law, the children of deceased had a right of homestead in this property which could not be divested by any act of the mother, or of the Probate Court.

Our statute provides that "if any housekeeper or head of a family shall die, leaving a widow or any minor children, his homestead, to the value aforesaid, shall pass to and vest in such widow or children, or, if there be both, to such widow and children, without being subject to the payment of the debts of the deceased unless legally charged thereon in his lifetime; and such widow and children, respectively, shall take the same estate therein of which the deceased died seized ; *provided*, that such children shall, by the force of this chapter, only have an interest in such homestead until they shall attain their majority ; and the Probate Court having jurisdiction of the estate of such deceased house-keeper, or head of a family, shall, when necessary, appoint three commissioners to set out such homestead to the person or persons entitled thereto." Wag. Stats. 698, sect. 5.

This section is a literal copy from the Vermont law, and it is held to be adopted with the construction which had been given to it by the judiciary of that State. That construction is declared by our Supreme Court to be (*Skouten* v. *Wood*, 57 Mo. 382), that the widow and children take an absolute title at the death of the father ; and that, therefore, so far as homesteads are concerned, our statute of descents and distributions is repealed ; that, where the

PLATE *v.* KOEHLER. 399

husband died seized of a fee in a homestead, and there are no minor children, the widow takes the estate absolutely, and on her death it goes to her heirs, to the exclusion of the heirs of her husband; and the court intimates—the point not being directly befo e them—that, supposing a widow and minor children, and her death whilst the children were minors, it would go to the surviving minor children, and, on their majority, to the heirs of the deceased.

If the children take an absolute title, it does not appear how this can be defeated by any act of the mother. It would seem from the construction given to the statute that, if the mother live until the youngest child is of age, the estate of each child having determined, the estate would belong absolutely to the mother. If, then, she can, as the father could in his lifetime, by disposing of the property during the minority of the children, divest the children of any interest in the homestead, it does not appear why the statute should name the children at all in the supposed case of there being a widow and a child.

To maintain that the children have no substantive rights in the bounty of a homestead which are independent of the action of the mother after the death of the father, and that the mother has the same right that the father had during life to abandon the homestead right and divest the property of its homestead character, seems to be contrary to the interpretation given to the statute by the Supreme Court in the case just cited. As the question involves title to real estate, and is not one in which the judgment of this court is necessarily final, we carefully follow the intimation of the views of the court of last resort in the case cited. As a logical consequence of the views expressed in that case, we think the judgment of the Circuit Court should be affirmed. Judge HAYDEN concurs; Judge LEWIS is absent.