CHARLES DAUDT ET AL., Appellants, *v.* D. O. MUSICK, | 9a 169 / 33a 193 |
Respondent.

### June 1, 1880.

1. Where a man over seventy years old dies, having resided in one place more than forty years, that his neighbors knew nothing of his family and never heard him speak of a brother or sister, or their descendants, is not evidence that he had no such relatives.

2. An election of dower by a widow must be filed in the Probate Court within the time limited by the statute.

3. That a paper purporting to be an election of dower was filed and recorded in the recorder's office and placed with the papers of the estate in the Probate Court is not evidence of an election of dower under the statute.

4. Where the testator plainly intends a bequest to be in lieu of dower and homestead, and there has been an acquiescence by the widow, a claim of homestead cannot be set up by her legal representatives against a purchaser at a sale under a power in the will.

APPEAL from the Circuit Court of St. Louis County, EDWARDS, J.

*Affirmed.*

CHARLES DAUDT and B. B. KINGSBURY, for the appellants : Ejectment is the proper remedy. — *McCourtney* v. *Mathes*, 47 Mo. 533 ; *Pounds* v. *Dale*, 48 Mo. 270 ; *McCracken* v. *McCracken*, 67 Mo. 591. The will of George Stephenson, deceased, contained a devise in trust, which was void ; he subsequently died intestate, and the land descended to his widow as his sole heir. — *Schmucker* v. *Riehl*, 61 Mo. 593 ; *Judge* v. *Lackland*, 3 Mo. App. 107. Where land is devised upon a trust which is void, the heir is entitled to recover. — *Hillyard* v. *Miller*, 10 Bay, 326 ; *Parsons* v. *Snooks*, 40 Barb. 144 ; *Burdett* v. *Wright*, 2 Barn. & Ald. 710 ; *Hunt* v. *Rousmaniere*, 8 Wheat. 207. If there is a power of sale contained in a will for an illegal purpose, that power must necessarily be void. — 2 Sugden on Powers, 158 ; *Owen* v. *Ellis*, 64 Mo. 80. The evidence offered as to the heirship of the widow was competent. — Ph. on Ev. 250, note 90 ; *Doe* v. *Deakin*, 4 Barn. & Adol.

o

433; *Jackson* v. *Cooly*, 8 Johns. 128; *Knox* v. *Fowler*, 11 Pick. 302; *Jackson* v. *Etz*, 5 Conn. 314; *Sicrist* v. *Green*, 3 Wall. 744; *Flower* v. *Haralson*, 6 Yerg. 494; *Ende* v. *The State*, 6 Yerg. 364; *Ford* v. *Ford*, 7 Humph. 92. The widow was entitled to homestead. — *Meech* v. *Meech*, 37 Vt. 414; *Skouten* v. *Wood*, 57 Mo. 380.

FISHER & ROWELL, for the respondent: If the widow desires to take dower or homestead in the property devised, she must make her election. — *Meech* v. *Meech*, 37 Vt. 414; *Skouten* v. *Wood*, 57 Mo. 380; *Sheathfield* v. *Sheathfield*, 1 White & Tudor Ld. Cas. 383. The plaintiffs are estopped by the agreement to sell, and election to take under the will, and receipt of the proceeds. — *Sutton* v. *Hayden*, 60 Mo. 101; *Hart* v. *Giles*, 67 Mo. 175. "Ejectment will not lie for *pretermitted* heirs, when third parties' rights have intervened." — *Stevens* v. *Stevens*, 7 Mo. 91; *Hill* v. *Martin*, 28 Mo. 78; *Chouquette* v. *Barada*, 28 Mo. 490; *Boyer* v. *Dively*, 58 Mo. 510.

BAKEWELL, J., delivered the opinion of the court.

This is ejectment, brought by the curator of Annie and Minna Winkel, who are minors, against defendant, who is the lessee of Maurice Blume. The cause was tried by the court, a jury being waived. The finding and judgment were for defendant.

It appears that George Stephenson, who died in September, 1868, by his last will devised to his widow, Agnes, the house and lot on which he lived, in Florissant, to be held by her during life or widowhood, in case of her death or marriage the property to be sold by his executor, and the proceeds to be given to the Catholic Church in Florissant. His other property, consisting of real estate in Florissant, was to be sold by the executor, and the proceeds given to the Catholic Church in Florissant. Samuel James qualified as executor under the will. The widow survived her husband only four months. She was

his second wife, and left at her death two children by a former husband, and also the plaintiffs, Annie and Minna, who are the children of a daughter of Mrs. Stephenson by her former husband, who died before her mother. These grandchildren were not mentioned in Mrs. Stephenson's will. By its provisions she bequeathed all her property to her two surviving children, Mary Schuette and Theresa Reiners. On December 30, 1868, Mrs. Stephenson filed in the recorder's office of St. Louis County an instrument purporting to be an election of dower, by which she chose one-half of the real and personal property, subject to debts. The executor of George Stephenson proceeded to sell the real estate under the power in the will, and without orders from the Probate Court. He sold the property in question here, that devised to the wife, on April 4, 1870, to Maurice Blume, the lessor of defendant, and the remaining property to one Bockrath.

It is claimed by appellant that the devises in the will of George Stephenson, being in violation of sect. 13, Art. I., of the Constitution of 1865, were void, and that he died intestate ; that it appears that he left no father or mother, brother or sister, or their descendants ; and that his widow was his sole heir under the Statute of Descents, and that plaintiffs, therefore, were together entitled to one-third, or a child's share, as heirs of their mother. It is further contended that, as homestead property, the house and lot in controversy went, on the death of George Stephenson, to his wife and her children in fee, and that plaintiffs are thus entitled to one-third. At any rate, it is held by appellants that Mrs. Stephenson's claim of dower was good and that it vested in her a one-half interest in the property, and that plaintiffs are, as her heirs, entitled together to one-half of that third.

No instructions are preserved in the record as given or refused at the trial. What view the trial court may have taken of these theories of plaintiffs, we do not know. It

held, as a matter of law, that plaintiffs were not entitled to recover on the legal evidence in the case. In this we think the trial court was right, and we see no ground for reversing its judgment. The bequest or devise for religious and charitable purposes was void under the Constitution in force at the time the will was executed and proved. The devise, however, was not to the executor as trustee. The executor sold under a power, and it does not follow that, because the intention of the testator that the proceeds of his real estate should be given in charity must be defeated, therefore the provision that the land shall be sold must be disregarded, and that the sale under the power is absolutely bad and passes no title. But upon that question it is not necessary for us to pass, and we do not do so. The question is as to the rights of plaintiffs, not as to the rights of defendant's lessor.

Under the law of descent the real estate of deceased went to the wife, if George Stephenson had no children or their descendants, father, mother, brother, or sister, or their descendants. Wag. Stats. 529, sect. 1. We see no evidence whatever that Agnes Stephenson was the heir of her husband. Stephenson's age when he died is variously estimated by the witnesses at from seventy to eighty-seven. He came from Virginia, and had lived for nearly half a century continuously in the Florissant Valley. No relative of his was examined, nor was there any testimony from any one who had ever known his family, or who knew anything whatever of his father and mother. Blume, a neighbor for five years, had never heard of brothers or sisters. Reiners, a step-daughter's husband, never heard of brothers or sisters. The strongest testimony is that of the executor. He had known deceased for forty years. He says the nearest relative Stephenson ever told him of was a brother of his first wife, and the witness never heard of brothers or sisters of deceased. He never had any conversation with deceased on the subject of his family, or as to whether he had

brothers or sisters. All this, we think, amounts to nothing. It does not tend to prove that the father and mother of Stephenson had no descendants except himself, or that those descendants left no descendants. There is here no evidence of general reports in the family, or of statements of deceased in the matter. The objection to the evidence is, not that it is hearsay, but that it is not even hearsay; the witnesses had heard nothing of the matter, and knew absolutely nothing about it. For all that appears, the deceased may have nephews and nieces, or even brothers and sisters. The fact that he did not talk of them to his neighbors has absolutely no significance. He left home as a young man, and died where he had lived, a thousand miles from the home of his youth, at an extreme old age. The witnesses had never heard him speak of his family at all, and many say that they know nothing about it, and that he may have brothers and sisters and nephews and nieces for all they know. Whether the English rule, restricting declarations as to pedigree to members of the family, should be always and everywhere applied in this country, is not the question. Here are no declarations as to pedigree or relationship. The State in which deceased was born is known; it does not appear that his exact birth-place was unknown, or that there was no clue to better, and perhaps satisfactory, evidence as to his relatives.

So far as the claim of dower is concerned, we do not think that there is evidence from which it appears that the instrument purporting to be an election of dower by the widow was filed in the clerk's office of the Probate Court within twelve months after the grant of letters, as the law prescribes. Rev. Stats., sect. 2194. It appears that this paper was filed in the office of the recorder of deeds and recorded there, and that it was afterwards placed amongst the papers of the estate in the clerk's office of the Probate Court; but there is no memorandum on the paper showing that it was filed there, or when it was filed; nor is there

any evidence, documentary or oral, which speaks of any date of filing, except the filing in the recorder's office. It is true that Judge Woerner, who had acted as counsel for some of the parties, and who was examined as a witness, says that he perceives from the paper that he holds in his hand, which was the election of dower with the recorder's certificate, that it was drawn by him on the 29th of December and filed the next day; but he was manifestly speaking of the filing in the recorder's office, the only memorandum of filing on the paper being the following words on the back: "Filed Dec. 30, 1868.. Julius Conrad, Recorder." He sees from the handwriting that he drew the paper, but he has no recollection about the matter independently of the paper itself. The Circuit Court, therefore, was justified in finding that there was no sufficient evidence of an election of dower by Agnes Stephenson in accordance with the statute. But if Agnes Stephenson did not acquire this property under the Statute of Descents or under the Statute of Dower, it remains only to examine whether she aquired it under the homestead laws. If Mrs. Stephenson had no title to the property, there is nothing to show title in plaintiffs, who claim as her heirs, and the judgment was for the right party.

When the husband dies seized of a fee in a homestead, under the provisions of our statute, if there are no minor children, the widow takes the estate absolutely, and on her death it goes to her heirs. *Plate* v. *Koehler*, 8 Mo. App. 396. But the husband, by his will, left to the wife a life-estate in this property; and the statute provides that if the husband leave to his wife real estate by will, it shall be in lieu of dower, unless otherwise expressed in the will. Wag. Stats. 541, sect. 15. As we have seen, she did not take the necessary legal steps to renounce the provision made in the will. The plain intention of the will is that the devise should be in lieu of dower and homestead, and the doctrine of the election as to dower is held to apply also as

to homestead. Our act concerning homesteads is a literal copy of the Vermont statute, except for some omitted sections, and the Vermont law, so far as adopted, was adopted with the construction already put upon it by the Supreme Court of that State. *Skouten* v. *Wood*, 57 Mo. 380. In Vermont it is held that the doctrine of election under a will is applicable to homestead as well as to dower. *Meech* v. *Meech*, 37 Vt. 414. And so the reason of the matter seems to be. It would be unjust to a purchaser who had notice of the will, and no notice such as the law requires of a renunciation of its provisions, to defeat his title by a claim of dower or of homestead, when there has been acquiescence on the part of the widow in a testamentary provision of the husband inconsistent with either.

In the present case there was evidence tending to show that, during her lifetime, the widow agreed with the executor of her husband that the sale should be made in accordance with the provisions of the will; that the sale was made, after her death, in accordance with this express agreement and understanding had during her life; that the representatives of some of her children were present at the sale and assented to it; that no objection was made by any person interested; and that, as the result of a compromise arrangement between Mrs. Stephenson and the legal representatives of the testator, Mrs. Stephenson received one-half of the proceeds. How far the equitable defence was valid, and what room is given by the testimony for the application of the doctrine of equitable estoppel, so far as either or both of the plaintiffs are concerned, we need not examine. It is enough that there was no evidence in the case from which the trier of the fact was bound to find that plaintiffs were entitled to possession of any part of the premises in question at the time of the commencement of this action. As this is so, and no errors appear to have been committed to the prejudice of appellants, the judgment should be affirmed; and it is so ordered. Judge HAYDEN concurs; Judge LEWIS is absent.