BARBARA SCHNEIDER ET AL., Appellants, v. JOHN C. HOFFMANN ET AL., Respondents.

June 22, 1880.

Under the statute of 1865 the husband could not dispose of his homestead by will, and where there were no children the widow took an absolute title, which would go to her heirs.

APPEAL from the St. Louis Circuit Court, BOYLE, J. *Affirmed.*

FRED. WISLIZENUS, for the appellants, cited: Thomp. on Home. and Ex., sects. 453–455; *Vogeler* v. *Montgomery*, 54 Mo. 584; *Casebolt* v. *Donaldson*, 67 Mo. 311.

RUDOLPH SCHULENBURG, for the respondents, cited: *Skouten* v. *Wood*, 57 Mo. 383; *Gragg* v. *Gragg*, 65 Mo. 343; *Plate* v. *Koehler*, 8 Mo. App. 396; *How* v. *Adams*, 28 Vt. 544; *Day* v. *Adams*, 42 Vt. 510.

BAKEWELL, J., delivered the opinion of the court.

This was an action of ejectment. There was a finding and judgment for defendants.

It appears that F. W. Schneider, Sr., owned and occupied as his homestead, at the date of his death, the property in question. By his last will he devised to his nephew, F. W. Schneider, two-thirds of this property, " to go into his possession," the will reads, "after the death of my wife; and in case of his decease, to go into possession of my brother, John Schneider, or his heirs forever." The rest of his property was bequeathed by Schneider, Sr., to his wife, for life.

Schneider, Sr., died in 1868; Schneider, Jr., died in 1869. John Schneider died in 1875, leaving a widow, the plaintiff Barbara, to whom he left all of his property by will. The other plaintiffs are the heirs-at-law of Schneider, Sr., whose widow, Eva Catherine, married defendant Hoffman, and died in 1878, having bequeathed all her property to Hoffman. The premises in question were never worth more than $3,000, and did not exceed eighteen square rods in area. Defendants were in possession when this suit was begun.

The question which this record presents for our determination is as to the right of the husband to dispose of the homestead by will. Nothing appears as to any minor children of Schneider, Sr., and it will be taken that there were none. If the husband could, at the date of the death of Schneider, Sr., under the existing homestead-law, dispose of his property by will, Barbara Schneider should have recovered two-thirds of the property, and the judgment in that case is erroneous.

The homestead law, as it existed in 1868, has been modified by subsequent enactments (Rev. Stats., sects. 2693, 2694; Acts 1875, p. 60); but the statute in force at Schneider's death provides (Rev. Stats. 1865, p. 450, sect. 5) that if " any such housekeeper or head of a family shall die, leaving a widow or any minor children, his homestead, to the value aforesaid, shall pass to and vest in such widow

or children, or, if there be both, to such widow and children, without being subject to the payment of the debts of the deceased, unless legally charged thereon in his lifetime, and such widow and children, respectively, shall take the same estate therein of which the deceased died seized ; *provided*, that such children shall, by force of this chapter, only have an interest in such homestead until they shall attain their majority.'' Under this provision it is held that where there are no minor children the widow takes an absolute estate, which goes to her heirs at her death, to the exclusion of the heirs of her husband. *Plate* v. *Koehler*, 8 Mo. App. 396 ; 57 Mo. 383 ; 65 Mo. 343.

The homestead law of this State was adopted from Vermont, and was substantially the Vermont statute. But in adopting it the Legislature omitted the tenth section of the Vermont law (Gen. Stats. Vt., ed. 1870, p. 457, sect. 10), which prohibits alienation of the homestead without joinder of the wife. Subsequently, in 1873 (Sess. Acts, p. 16 ; Rev. Stats., sect. 2689), it was provided by law in Missouri that the wife may, by recording a notice of homestead claim, prevent a sale or mortgage of the homestead by her husband without her consent.

But, though the husband may have in Missouri the right to convey away the homestead without the consent of the wife, where she has filed no notice of claim as provided by law, it is clear that this can be done only during his life. If he dies without having done so, the property goes according to the provision of the statute in force at the time of his death. A will takes effect only after the death of the testator. Until this event occurs, all its provisions are ambulatory.

The husband died seized of an estate in fee-simple in this property, which was homestead, when he died ; and, there being no question of minor children, it must be held, unless we would fly in the face of the plain language of the statute in force at the time, and of the obvious intention of the Legislature, that the widow at his death took the same estate of which he died seized.

Where a devise to the widow was made in lieu of homestead, and no election was made, or the terms of the will were accepted by the widow, the homestead right might, under some circumstances, be thus divested. But no such question is presented in this case.

The judgment is affirmed. Judge HAYDEN concurs; Judge LEWIS is absent.