———o———

JANE D. CRENSHAW, Plaintiff in Error, vs. JACOB CREEK, et al., Defendant in Error.

1. *Dower—Married woman not estopped from claiming, when.*—The fact that a married woman was made a party to the record in suit for the partition of lands of her former husband, and for the assignment of her dower therein, will not estop her from afterward denying and contesting the validity of those proceedings.

*Error to Clay Circuit Court.*

*Samuel Hardwick*, for Plaintiff in Error.

I. The fact that dower was allotted to plaintiff does not estop her from asserting her right. (Thompson vs. Renoe, 12 Mo., 157.)

II. There are none of the elements of an estoppel in this case. To constitute an estoppel, there must be an admission inconsistent with the claim set up, which misled the other party. (Taylor *et al.*, vs. Zepp, 14 Mo., 482; Newman vs. Hook, 37 Mo., 207; Parker vs. Barker, 2 Met., 423; Gray vs. Bartlett, 20 Pick, 186; Knowlton vs. Smith, 36 Mo., 507.)

III. Mrs. Crenshaw having acted by mistake and in ignorance of her rights, and no third parties intervening, a court of equity will grant relief. (1 Sto. Eq., §§ 121, 122, 130, 131, 134; Sto. on Cont., 409; Wheadon vs. Olds, 20 Wend., 174; Haven vs. Foster, 9 Pick, 112; Wiser vs. Blachly, 1 Johns. Ch. 607; Rosevelt vs. Dale, 2 Cow., 129.)

*D. C. Allen and J. Chrisman*, for Defendants in Error.

More than eight years had elapsed since the rendition of the judgment, assignment of dower, and sale of lands made in the partition, before the bringing of suit Aug. 30th, 1869, and so far as appears from the petition, plaintiff knew her alleged rights during the entire time intervening, and she makes no explanation excusing her laches. The laches of plaintiff in the premises are gross, and bar any right of action she may have had, independent of the statute of limitations. "He who seeks the aid of a court of equity, must assert his claim with reasonable diligence." (Kerr on Fraud & Mistake, p. 303, 304; Jones vs. Turberville, 2 Ves. Jr., 11; Badger vs. Badger, 2 Wall., 87.)

WAGNER, Judge, delivered the opinion of the court.

As the court sustained a demurrer to the petition it will be necessary to examine the same and see whether it stated facts sufficient to warrant a judgment for the plaintiff.

In substance it is alleged that before 1859, plaintiff was the

wife of one Abraham Creek, who died during that year; that during their coverture she and the said Abraham became possessed in fee simple as husband and wife, of a joint estate in the lands in said petition described; that Abraham died and she was entitled to the same in fee simple by survivorship; that she and one Braly administered upon said Abraham's estate; that Braly exercised almost exclusive control over the estate, and that all her information in relation to the same was derived from him; that Braly inventoried the land as the property of said Abraham; that she married a second husband Crenshaw and ceased to have any further control over the estate, when Braly took entire control.

That while so acting said Braly employed counsel to make disposition of said real estate on behalf of the estate of the said Abraham; representing to the counsel that said Abraham was possessed in fee simple of the lands, and directing him to proceed and have the dower of the plaintiff set apart, and the remainder sold for purpose of partition; that she had nothing to do with directing the counsel nor any information as to what her rights were in the land; that suit was instituted making plaintiff and her then husband together with others, heirs of the said Abraham, plaintiff, and Boggens who purchased the land at the partition sale and his wife, who was a daughter of the said Abraham Creek, defendants.

This petition contained the usual and ordinary averments of a petition for partition, and to set apart dower. The defendants entered their voluntary appearance, and judgment was rendered by consent. A part of the land described in the petition was assigned to plaintiff as dower. The court then ordered the remainder of the land to be sold in partition, and at the sale Boggens and Stevenson who were interested parties and were fully advised of the rights of the plaintiff, became the purchasers.

It is further averred that they were not in any wise misled on account of any act or representation of the plaintiff.

It is further alleged that no final disposition of said cause in partition has yet been made, and the prayer is that the said proceedings be set aside and for other relief, &c.

I cannot imagine on what ground the demurrer was sustained, unless the view was taken that the plaintiff was estopped from denying the validity of the proceedings which resulted in the assignment to her of dower and the sale of the remainder of the land in partition, she being a party to the record.— But it must be borne in mind that during this time she was a married woman, and the facts disclosed are not sufficient to warrant an estoppel in this case.

In Thompson vs. Renoe (12 Mo., 157,) it was expressly held by the court that when a widow claims land in her own right, the fact that dower has been allotted her does not estop her or those claiming under her from asserting such rights. In the case just referred to it appears that the widow was unacquainted with what were her real rights and acquiesced in the allotment of dower. Yet it was adjudged that neither she nor her heirs were barred or concluded. In the case of Hempstead vs. Easton, (33 Mo., 142,) it was decided, that the recitals in a deed, by which a married woman purported to convey her title to land, did not estop her nor those claiming under her from asserting the truth against the recitals. In Glidden vs. Strupler, (52 Penn. St., 400,) a married woman by agreement contracted to sell land; she received one year's interest and a small part of the purchase money. The purchaser took possession and made improvements with her knowledge and encouragement, and the court held that neither the principle of estoppel nor compensation would prevent her recovering the land. It is manifest that in the proceeding for partition and in the matter of the allotment of dower the court acted under a misapprehension of law in reference to the legal title to the land. That the plaintiff's name in conjunction with her husband was used as a party to the record cannot impair her right or prevent her from asserting her title. She avers pointedly that she neither encouraged nor induced any party to change his condition in the premises, and that the other parties and the purchasers possessed the same knowledge that she did. Under the circumstances of this case there is certainly no rule of law which would prohibit her from maintaining her suit for the as-

sertion of her rights. If the matters set forth in the petition are true, very little difficulty will be encountered in the final disposition of this cause as no final judgment has yet been had in the partition suit.

Wherefore, I am of the opinion that the judgment should be reversed and the cause remanded. The other Judges concur.