GRAGG ET AL. V. GRAGG ET AL., APPELLANTS.

**Homestead**: DOWER: ESTOPPEL: RES JUDICATA.   A widow entitled to a homestead estate in land of her deceased husband, is not precluded from claiming it by the fact, that dower has already been assigned to her out of the same land, and that she accepted the assignment without then preferring her claim of homestead.

*Appeal from Clay Circuit Court.*—HON. GEORGE W. DUNN, Judge.

This is a suit for partition of land among the heirs of Benjamin Gragg, who died in June 1871, seized and possessed of a tract of 164 acres, embracing the land in question.   At that time, and for many years prior thereto, he and his wife, Nancy, one of the defendants in the present case, with their children, were living upon said land, using and occupying it as a homestead.   In 1872, his executor instituted proceedings for the admeasurement and assignment of dower to the widow, which resulted in setting apart to her 48 acres of the tract, including the dwelling house.   Being ignorant of her rights in the premises, she filed no answer, and default was taken against her.   From that time her possession did not extend beyond the 48 acres, the executor and heirs assuming control of the remainder of the tract.   In the present suit she claims a homestead out of the same 164 acre tract.   The statute provides that "the commissioners appointed to set out such homestead shall, in cases in which a right of dower shall also exist, also set out such dower; and they shall first set out such homestead, and from the residue of the real estate of the deceased, shall set out such dower; but the amount of such dower shall be diminished by the

amount of the interest of such widow in such homestead; and if the interest of such widow in such homestead shall equal or exceed one-third of all the real estate of which such housekeeper or head of a family shall have died seized, no dower shall be assigned to such widow." Wag. Stat. 698, § 6.

*Simrall & Sandusky* for appellant.

1. On the death of Benjamin Gragg, owning the land in controversy, and occupying the same with his wife as a homestead,—as alleged in the separate answer of Nancy Gragg, and admitted by the demurrer thereto,—a fee simple title to a homestead, not exceeding $1,500 in value, passed at once, by operation of law, to Nancy Gragg, the pleadings admitting there were no minor children. No election on the part of Nancy Gragg, either of acceptance or renunciation, was necessary in order that said estate should vest. It vested in the same manner that title vests by descent in heirs. Judicial action might be necessary in determining the boundary and physical extent of the homestead, but, as to the estate itself, the statute is positive that it "*shall pass to and vest* in such widow and children." The demurrer to the separate answer of Nancy Gragg presents the question whether a widow, who has had dower assigned her in the manner above stated, can, afterwards, in a suit for partition among the heirs of the decedent, claim her homestead estate. On this question counsel cited, in addition to the authorities discussed in the opinion of the court, *Thompson v. Renoe*, 12 Mo. 157; *Crenshaw v. Creek*, 52 Mo. 101.

2. The appellant's claim is not *res judicata*, by virtue of the assignment of dower. Bouv. Law Dict., Tit. *Res Judicata; Rice v. King*, 7 John. 19; *Johnson v. Smith*, 8 John. 383; *Cromwell v. County of Sac.*, 4 Cen. Law J. 416; S. C. 94 U. S. 351; *Ridgely v. Stillwell*, 27 Mo. 128; *Duncan v. Holcomb*, 26 Ind. 378; *People v. Supervisors*, 27 Cal. 655;

*Spencer v. Dearth*, 43 Vt. 98; *Potter v. Baker*, 19 N. H. 167; *Hunter v. Davis*, 19 Ga. 415; *Steam Pkt. Co. v. Sickles*, 24 How. 33; *Tams v. Lewis*, 42 Penn. stat. 410; *Church v. Chapin*, 35 Vt. 231.

3. There is no estoppel in this case. The land remains as it was on the death of Benjamin Gragg. No one has been misled by any act of the appellant; no equity can be invoked anywhere against her claim. *Taylor v. Zepp*, 14 Mo. 482; *Newman v. Hook*, 37 Mo. 207.

4. If the respondents rely simply on a waiver, the appellant alleges she was unacquainted with her real rights; a waiver is a voluntary relinquishment of what might be enforced; it is an intelligent act, based upon a knowledge of facts; that Nancy Gragg owned a fee simple estate in this land was a fact with which she was unacquainted; she could not therefore have voluntarily relinquished it.

*Henry Smith* for respondent.

Could Nancy Gragg, more than three years after the 48 acres was set off to and accepted by her, as her dower in the 164 acres, and after she had removed from and abandoned to the heirs the remainder of the 164 acres, rightfully and legally institute other proceedings in the same court for a homestead in such remainder? Her dower of 48 acres is not included in the petition for partition. It is true that Sec. 6 of the Homestead Law gives the widow both dower and homestead, but requires that the same commissioners, at the same time, shall set off both. The law nowhere provides that other commissioners, at other time may set off homestead after dower has been assigned. When, therefore, the suit was brought in the circuit court to set off her dower, she was bound to assert any other claim she might have in the subject matter of the suit. Having failed then to make any claim to the residue, and having removed from and abandoned same to the heirs, who have now incurred the expense of a suit to partition same, she is

estopped from claiming any further interest in the residue. *Wright v. Dunning*, 46 Ills. 271; *Bates v. Bates*, 97 Mass. 392. She waived her right to a homestead. *Davis' appeal*, 34 Penn. Stat. 256; *Baskin's appeal*, 38 Penn. Stat. 65.

HENRY, J.—Under the homestead law, when Benjamin Gragg died, his widow, Nancy Gragg, took the same estate in the homestead of which her husband died seized. Sec. 5, Wag. Stat., 698; *Skouten v. Woods*, 57 Mo. 380. And as was said in *Bates v. Bates*, 97 Mass. "There is nothing inconsistent in her right to both dower and homestead in the same estate." Our statute recognizes both as subsisting rights of the widow on the death of her husband; but it is contended that, as the statute requires the same commissioners at the same time to set off both, if they only set off one, the right to the other cannot afterwards be asserted. In *Doane v. Doane's heirs*, 33 Vermont 650, it was held that although the homestead law of that state provided that the dower should be first set out, and then the homestead, the statute was not so imperative as that the omission to observe this order of setting them out would vitiate either. Is the widow in the case at bar estopped from claiming her homestead by the assignment of her dower in the premises, and her acceptance of the land allotted to her and by moving and residing thereon? In *Doane v. Doane's heirs*, the widow's dower was, on her application, set off to her in June, 1857, and nearly two years elapsed before she applied to the probate court to set off her homestead. Although the law of Vermont required the homestead to be first set out, and on her application the dower was first assigned, and notwithstanding she herself applied for assignment of dower, yet the court held that she was entitled also to the homestead. In *Monk v. Capen*, 5 Allen 146, and *Mercier v. Chace*, 11 Allen 194, the same doctrine was maintained by the Supreme Court of Massachusetts. *Bates v. Bates*, 97 Mass. 375, is cited as an authority to the contrary, but in that case Hoar, J., observed: "If the peti-

tioner had procured the homestead, to which she was enti-
tled, to be set off to her upon the death of her husband,
she might afterwards have claimed her dower." In that
case, after she had been allowed, in lieu of dower, one-
third of the rents, issues and profits of the whole land, as
a tenant in common with the other owners, she sold her
dower interest to the plaintiff, Geo. Bates, who claimed
the land under a mortgage made by her husband. The
court said: "He, the purchaser of her dower interest, is
therefore entitled to one-third of the rents and profits of
the whole land, and she can do nothing to impair the grant
she has made." Again, "When the assignment of dower,
before any homestead was set out, created this peculiar
tenancy in common by the act of the tenant in dower, and
she afterwards conveyed her interest as tenant in common,
we think that she had by her own act, made it impossible
to assign to her any separate part of the tract by metes
and bounds as a homestead, and must be held to have re-
linquished her claim." It will be seen that the court
regarded her act as rendering it *impossible* to set out her
homestead by metes and bounds, and the reasons given by
the court for holding that she was not entitled to a home-
stead, furnish no support whatever for the position taken
by the respondents, while the doctrine of the cases of
*Monk v. Capen,* and *Mercier v. Chace,* is expressly approved
in the opinion.

*Wright v. Dunning,* 46 Ill. 272, is similar in its facts to
*Doane v. Doane's heirs.* The widow and heirs were parties
to a partition suit, and she received a yearly allowance of
$250 in lieu of dower, payable annually during her life, and
made a charge upon the land by the judgment. She op-
posed the division of the land, and insisted that it should
be sold, subject to the charge of her yearly allowance, and
never, directly or indirectly, claimed any other interest in
the land until after the sale under the judgment in the par-
tition suit. The court decided that against the purchaser,
under the judgment, she could not assert her homestead

right.   The assertion of that right would have been a fraud upon the purchaser.   She was a party to the partition suit; had decreed to her, in lieu of dower, a yearly allowance of money, which was made a charge upon the land.   She urged its sale, instead of a partition in kind, and to have allowed her against an innocent purchaser a homestead in the premises, under such circumstances, would have been inequitable.   But in this case there is no estoppel; there are none of the elements of estoppel.   Her conduct deceived no one, and her success here will abridge the rights of no one.   The heirs will get all they are entitled to under the law.   Under the impression that the homestead right would not be claimed, or that the dower interest was all that the widow was entitled to, they have invested no money, nor done any act whatever to embarrass them, if she succeeds.   We do not say that the widow may not, by her conduct, be estopped from asserting her homestead right.   We are satisfied that she may, and *Wright v. Dunning, supra,* was a case in which the doctrine of estoppel was properly applied, but there is nothing in the case at bar which would justify a resort to that doctrine to prevent the widow of Benjamin Gragg from recovering her homestead in the premises in question.   Nor can it be maintained that the proceeding to assign her dower operated as *res adjudicata* on her homestead claim.   That was not a proceeding, as in a partition suit, to determine the rights of all parties interested in the land.   It was a proceeding commenced by the executor, and had but one object, the ascertainment and allotment of the widow's dower.

With the concurrence of all the judges the judgment is reversed and the cause remanded, with directions to proceed in conformity to this opinion, and in setting off to the plaintiff her homestead in the premises, that the commissioners be charged to adjust the dower and the homestead as is provided for in section 6 of the homestead act.

REVERSED.