# SUPREME COURT

OF

# The State of Missouri

AT THE

# OCTOBER TERM, 1878.

---

## SEEK, *Appellant*, v. HAYNES.

**Widow's Homestead**: DOWER; WAIVER: ESTOPPEL: PROCEDURE. A
widow entitled to both homestead and dower in land of her de-
ceased husband, caused her dower to be assigned, and accepted the
assignment, but, being ignorant of her right to a homestead, did not
then claim it. Being administratrix of her husband's estate, she
also procured from the probate court an order for the sale of all the
lands of the estate, but no sale was ever made. In a proceeding
subsequently instituted by her to have her homestead set out,
*Held*, that her acts did not constitute either a waiver or an estoppel
so as to prevent her from asserting her right; *Held, further*, that un-
der section 6, page 698, Wag. Stat., the proper procedure was to
have the homestead first set out, and then if its value were less than

one-third of the real estate of her husband, dower should also be assigned; but this course should only be taken upon the terms that the widow execute a suitable relinquishment of the rights already acquired under the former assignment.

*Appeal from Ray Circuit Court.*—Hon. Geo. W. Dunn, Judge.

*Farris & Conrow* for appellant, cited *Gragg v. Gragg,* 65 Mo. 343; *Doane v. Doane,* 33 Vt. 650.

*C. T. Garner & Son* for respondent.

It is insisted that the proceedings in the probate court by the appellant for the sale of the land, instituted by her, was an adjudication in law, and the final order so made as aforesaid was in the nature and had the force and effect of a judgment. It was in a court having competent jurisdiction with all the parties interested and all the facts and subject matter before it. It was final—predicated upon the law and the facts, possessing all the features of a judgment or decree—passes title to the purchaser, and is legally conclusive and binding upon the appellant, the creditors and heirs of the estate, and now precludes the appellant from asserting her homestead right. It is insisted that when the appellant brought her suit for dower, it was her duty, and she was bound to assert all the claim she might have in the land, and failing to make any claim for homestead, and afterwards by legal proceedings in a court of competent jurisdiction, having said land adjudged and ordered to be sold, constitutes in law a waiver of any homestead rights in the land, was a relinquishment of such right, and precludes her from now claiming a homestead right. In the case of *Gragg v. Gragg* the assertion of the homestead right was only against the children and heirs. In the case at bar, creditors intervene who are interested. In the Gragg case the widow bore no special relation to the estate, and there were none of the elements of legal waiver or estoppel. In the case at bar the appellant, who is the

widow, sustained such a relation to the estate as made all the proceedings binding upon her, and admissions of record against her—the elements of waiver and estoppel exist in the case at bar. In the Gragg case the widow had done nothing to mislead or deceive the heirs, nor did her claim abridge their rights. In the case at bar the appellant has deceived and misled the creditors, imposing upon the estate the expense of assigning dower, and afterwards having the residue of the land ordered and adjudged to be sold for the benefit of creditors to pay their debts, and then afterwards setting up a claim of homestead to defeat the very proceedings instituted, and deprive the creditors of the estate.

SHERWOOD, C. J.—Plaintiff instituted this proceeding in the Ray probate court to have a homestead set out to her and her two minor children. On the cause being appealed by her to the circuit court, it was submitted upon the following agreed statement : *First*, That John K Seek departed this life, intestate, on the 18th day of May, 1873, seized and possessed of an indefeasible estate, in fee simple, in and to about 195 acres of land in Ray county, State of Missouri, leaving Mary Seek, appellant herein, as his widow, and also two minor children, and at the time of the death of the said Seek, and for a long time prior thereto, he and Mary Seek, his wife, resided upon the land aforesaid. *Second*, That during the lifetime of the said John K. Seek, he owed no debts that constituted a legal charge upon his lands. *Third*, That the title to the lands of which the said Seek died seized and possessed, has in no particular been changed since his demise. *Fourth*, That if Mary Seek and her two minor children are deemed entitled to homestead in the land of which John K. Seek died seized and possessed, it is necessary that the same should be set off by metes and bounds. *Fifth*, That upon the death of the said John K. Seek, Mary Seek, his widow, administered upon the estate of her deceased husband; that, as administratrix, she applied to the probate court for an order to

sell all or so much of deceased's land as would be sufficient to pay his debts, and that the order was so made, but no sale was ever had under said order, that the sale of the land has been postponed to await decision in this suit. *Sixth*, That in 1875, Jas. P. Haynes, public administrator, and appellee herein, took charge of the estate of John K. Seek, deceased, whereby Mary Seek was discharged as administratrix ; that in 1876 the said Mary Seek, as the widow of John K. Seek, had dower admeasured to her, which she now occupies. *Seventh*, That Mary Seek makes oath that at the time she applied for and had dower admeasured to her out of her deceased husband's land, she had no knowledge of the fact that she was also entitled to a homestead therein.

Upon the above agreed statement of facts the following declarations of law were asked for by plaintiff and refused by the court—no declarations being asked by defendant. *First*, That upon the death of John K. Seek, husband of the plaintiff, Mary Seek, she became vested of an estate in fee simple in and to a homestead in the land of which her husband died seized and possessed, not exceeding the value of fifteen hundred dollars, nor in quantity 160 acres. *Second*, That the application by plaintiff in the probate court, while acting as administratrix of the estate of her deceased husband, for an order to sell the land of which her husband died seized, to pay the debts of deceased, with subsequent application for an admeasurement of dower to plaintiff, constitute neither waiver nor estoppel as to her right to a homestead. *Third*, Although plaintiff procured an order of probate for the sale of the land belonging to the estate of her husband, and had dower assigned her in the same, if such acts were done at the time in ignorance of the fact of her right to homestead in the land, she is not thereby estopped, and can yet have the benefit of such right.

The statute regarding homesteads (Wag. Stat., sec. 6, p. 698), provides that, "The commissioners appointed to

set out such homestead shall, in cases in which a right of dower shall also exist, also set out such dower; and they shall first set out such homestead and from the residue of the real estate of the deceased, shall set out such dower; but the amount of such dower shall be diminished by the amount of the interest of such widow in such homestead; and if the interest of such widow in such homestead shall equal or exceed one-third of all the real estate of which such housekeeper or head of a family shall have died seized, no dower shall be assigned to such widow." It does not appear from the agreed statement, whether the dower assigned equaled or exceeded in value one-third of the real estate whereof the decedent died seized; and in this respect the statement is deficient. It is evident, however, from the refusal of plaintiff's declaration of law, that the trial court regarded the plaintiff, under the circumstances, as estopped to claim, or else had waived her homestead right.

Neither theory was correct. She could not waive that of which she was ignorant, nor could she be estopped where her course of conduct had led no one to change his condition to his prejudice. If the contemplated sale of the real estate had taken place, and a creditor had bought the land, perhaps a different question would be presented; one not necessary to be now considered. But here, so far as the sale of the land is concerned, everything remains *in fieri*. The *status* of the widow and of the creditors remains the same as if no order of sale had been made. It is true that dower has been assigned to the widow in the land of the decedent instead of having her homestead first set out in accordance with the statutory order; but this constitutes no serious obstacle to the adjustment of the homestead right of herself and children. *Gragg v. Gragg*, 65 Mo. 343. By virtue of section 5 of the same chapter, the homestead vested in plaintiff and her minor children. As a matter of course, under the provisions of section 6 *supra*, if she received a homestead equaling or exceeding in value

2—68

one-third of the real estate of her deceased husband, she can have no dower; and that dower if the homestead, when set out, do not equal or exceed one-third of the value of the real estate will be diminished in proportion to the increased value of the homestead, and *vice versa.* On return of this cause to the circuit court, that court will take action in conformity herewith; will cause the homestead applied for to be first set out, and then if the value of the homestead be not too great, will assign to the widow her dower. This course, however, is only to be taken upon the terms that the widow execute a suitable relinquishment of the rights already acquired under the former assignment of dower. Judgment reversed and cause remanded. All concur.

REVERSED.