ROGERS v. MARSH *et al., Appellants.*

1. **Homestead**: WIDOW'S TITLE: RIGHTS OF CHILDREN. Where a husband at the time of his death occupies as a homestead land of which he is seized in fee, the wife will become seized of a fee, and the minor children will be entitled to enjoy the land with her until they attain their majority. Wag. Stat., p. 698, § 5.

2. ———: VESTS IN WIDOW AND CHILDREN, WITHOUT BEING SET APART, WHEN. If land occupied by a man and his family as a homestead does not exceed in quantity and value what the law allows for that purpose, the homestead estate conferred by the statute will vest in his wife and children immediately upon his death, without being set apart by commissioners.

3. ———: EFFECT OF ADMINISTRATOR'S SALE ON HOMESTEAD RIGHT: BURDEN OF PROOF. An administrator's sale will not divest the homestead right of the widow and minor children of the decedent, unless it is made to pay debts contracted before the filing of the deed under which they claim. The burden of proving that it was so made rests upon one denying their right.

4. **Estoppel.** There is no estoppel unless the action of the party asserting it was influenced by something either done or said by the other.

5. **Suit by next Friend to Infant Plaintiff**: PLEADING. In a suit brought by plaintiff as next friend of an infant, the defendant cannot take advantage of plaintiff's failure to prove his appointment as next friend, unless the matter has been properly put in issue by the answer.

*Appeal from Gentry Circuit Court.*—HON. S. A. RICHARDSON, Judge.

AFFIRMED.

*Geo. W. Lewis, Bennett Pike* and *Vinton Pike* for appellants.

Rogers v. Marsh.

1.  The minority of plaintiffs Lula and Joel, and the appointment of a next friend by the Gentry circuit court, is alleged in the petition and denied in the answer, and there is no proof upon the subject.  No authority, therefore, has been shown for the prosecution of this suit in their behalf.

2.  The widow is estopped from claiming a homestead. She stood by without asserting her claim and saw Marsh purchase at a sale by her husband's administrator for a price, which, together with a sum paid for her dower right, was the full value of the land, and saw him and those claiming under him, occupy for nearly the period of the statute of limitations and make valuable improvements upon the land. *Gragg v. Gragg*, 65 Mo. 348.

3.  The introduction of the administrator's deed showed title out of plaintiffs and a complete defense to the action.  The deed was evidence of the recitals therein made, and among them, that the court ordered the sale. " The court (probate) has an undoubted right to ascertain and declare the extent of the homestead," (*Brown v. Brown*, 68 Mo. 393,) and, of course, whether there was a homestead, and if so, whether there were debts of decedent contracted prior to the acquisition of the homestead for which it was necessary to sell it.  The court would not have had jurisdiction to order the sale of an acknowledged homestead.  To take jurisdiction of the order, the probate court must have found the jurisdictional facts upon which its authority to make it depended, viz :   1st, That there was not other property, real or personal, sufficient to pay the debts; 2nd, That the debts to pay which the sale was ordered, were contracted prior to the acquisition of the homestead.  Defendants were not required to go back of the administrator's deed.  Presumptions will be indulged in favor of jurisdiction to make the order; every hypothesis should be assumed to uphold it.  *Prima facie*, then, the sale was ordered to pay pre-contracted debts.  *Johnson v. Beazley*, 65 Mo. 250.  The deed showed title out of plaint-

5—73

iffs, and the burden was on them to avoid it. *Swan v. Stephens*, 99 Mass. 8. *Howe v. McGivern*, 25 Wis. 530.

*John Edwards* and *Patton & Cranor* for respondents.

1. The premises in controversy, being owned in fee simple by N. Thomas Rogers, and being occupied and used by him, up to the time of his death, on his decease passed to and vested in fee simple in his widow and minor children; such estate to continue in the minor children until they attain their majority, respectively. Wag. Stat., p. 698, § 5; *Skouten v. Wood*, 57 Mo. 380; *Gragg v. Gragg*, 65 Mo. 343; *Day v. Adams*, 42 Vt. 510; *Simonds v. Powers*, 28 Vt. 354; *Davis v. Andrews*, 30 Vt. 678; *Keyes v. Hill*, 30 Vt. 759; *Doane v. Doane*, 33 Vt. 652; *McClary v. Bixby*, 36 Vt. 257.

2. The setting apart of the homestead by commissioners to the claimant thereof, is not a condition precedent to the vesting of the homestead in such claimant. Wag. Stat., p. 697, §§ 2, 5, 9, 10, 11; *Parks v. Reilly*, 5 Allen 77; *Vogler v. Montgomery*, 54 Mo. 577.. A sale of the homestead, except in the mode permitted by the statute, is absolutely void. *Deffeliz v. Pico*, 46 Cal. 289; *Dunn v. Tozer*, 10 Cal. 167; *Green v. Marks*, 25 Ill. 221; *Kendall v. Clark*, 10 Cal. 17; *Williams v. Young*, 17 Cal. 403; *Barton v. Drake*, 21 Minn. 299; *s. c.*, 2 Cent. Law Jour. 308. To make such sale valid, it must be shown affirmatively by those claiming under it that the homestead was sold for debts contracted before the homestead right attached, (*Howe v. McGivern*, 25 Wis. 525,) which was not done by defendants in this case.

3. Under the homestead law, the homestead descends to and vests in the widow and children, upon the death of the husband, and forms no part of the estate to be administered by the probate court. If it be clearly within the limits, in extent and value, as provided in the act, then it is not necessary for the probate court to appoint commissioners as provided in section 5, and in that case such court

has nothing whatever to do with the homestead. *Carter v. Randolph*, 47 Texas 379; *Estate of Tompkins*, 12 Cal. 114; *Estate of James*, 23 Cal. 416; *O'Docherty v. McGloin*, 25 Texas 72; *Deltzer v. Scheuster*, 37 Ill. 301; *Cannon v. Bonner*, 38 Texas 487; *Sloan v. Nance*, 45 Ga. 310; *Blue v. Blue*, 38 Ill. 10. Under the doctrine of *Vogler v. Montgomery*, 54 Mo. 577, if the homestead exceeded the limitations in value and quantity, as provided in section 1, a sale of it before appraisers had set apart the homestead, would be void. With much greater reason, then, would a sale of it be void, if it were sold without the intervention of commissioners when it was clearly within the limits specified in section 1, in quantity and value.

4. There is nothing to estop Mrs. Rogers. The sale of the administrator was not her act, nor done by her direction or consent. Marsh did not buy the premises of the administrator on the faith of any admission or promise made by her. Hence, one ingredient of an estoppel is lacking. *Taylor v. Zepp*, 14 Mo. 482; Bigelow on Estoppel, (2 Ed.) 345. The sale of her dower interest was made March 8th, 1869. The administrator's sale took place June 7th, 1869. They were, therefore, distinct transactions, in nowise connected with each other, so far as the evidence shows. If she sold her dower interest in the premises to Marsh, under a mistake as to what was her interest in the same, she is not estopped from afterward claiming the fee. *Thompson v. Renoe*, 12 Mo. 157; *Gragg v. Gragg*, 65 Mo. 343. Having repurchased her dower interest, she is in precisely the same position as that she occupied before the sale of her dower interest.

5. No act of the widow could prejudice the rights of the minor plaintiffs. *Harkins v. Arnold*, 46 Ga. 656; *Blue v. Blue*, 38 Ill. 10; *Dunton v. Woodbury*, 24 Iowa 74; *Moore v. Dunning*, 29 Ill. 130.

NORTON, J.—This is an action of ejectment to recover the possession of eighty acres of land situated in Gentry

county. The answer is a general denial, with a special defense setting up title in defendants. Both parties claim title through one N. Thomas Rogers. The evidence adduced on the trial tended to establish the following facts : That said N. Thomas Rogers, in 1866, acquired title to the land in question, by deed duly recorded at that time; that he lived upon the same as a homestead with his family, consisting of his wife and ten minor children, till his death, which occurred in the year 1868; that he left a widow and ten children, who are the plaintiffs in this suit; that the land, at the time of Rogers' death, was worth $1,000; that shortly after Rogers' death his widow, believing it unsafe for her to live alone on the land, went to her father's. The evidence also tended to show that on the 8th day of March, 1869, Mrs. Rogers sold her dower interest in the premises to one Sylvester Marsh, for which Marsh gave his note for $300, upon which Mrs. Rogers afterward sued, asking that the debt be declared a lien; that she obtained judgment on the note, which was adjudged to be a lien on the interest sold by her, and that under this judgment the land was sold and bought by one Levi Long, who conveyed the same after his purchase to Mrs. Rogers. The evidence also showed that the administrator of the estate of said N. Thomas Rogers, deceased, by virtue of an order of the probate court of Gentry county directing the sale of the land in controversy for the payment of debts, sold the same on the 7th day of June, 1869, to said Sylvester Marsh, and executed to him a deed therefor on the 28th day of July, 1870; that the title thus acquired by Marsh had by various mesne conveyances passed to defendants Elijah Marrs and George M. Philips. On this state of facts the court held that plaintiffs were entitled to the land as a homestead, and rendered judgment in their favor, from which defendants have appealed, and the sole question presented is, as to the correctness of this ruling.

We think it is clear that under the law in force in 1868, relating to homesteads, at the time of said Rogers'

**1. HOMESTEAD: widow's title: rights of children.** death, be being then seized in fee of the land in question, the fee vested in his widow, the minor children of Rogers being entitled to the enjoyment of the estate with her till they attained their majority. 1 Wag. Stat., § 5, chap. 68. This has been expressly decided in the cases of *Skouten v. Wood,* 57 Mo. 380, and *Gragg v. Gragg,* 65 Mo. 343.

It is insisted by counsel that the estate in the homestead did not vest in the widow and children because it **2. ——: vests in widow and children, without being set apart, when.** had not been set apart by commissioners appointed for that purpose. This position is not maintainable, for the reason that the homestead only consisted of eighty acres of land of the value of $1,000; and it not being in excess either in quantity or value of what the law allowed as a homestead, no necessity existed for the appointment of commissioners, especially so as it does not appear that Rogers owned any other land. The statute only requires the appointment of commissioners for such purpose when it is necessary that it should be done. *Parks v. Reilly,* 5 Allen (Mass.) 77; *Vogler v. Montgomery,* 54 Mo. 577.

It is also urged by counsel that the deed executed by the administrator of Rogers' estate to said Marsh in pur- **3. ——: effect of administrator's sale on homestead right: burden of proof.** suance of an order of the probate court to sell the real estate in question for the payment of debts passed the title to Marsh free from the homestead rights of plaintiffs. We cannot agree to the correctness of this position. The homestead of Rogers was not subject to sale in his lifetime for the payment of debts, unless they had been contracted by him before the filing of the deed under which he claimed. Neither was it subject to sale by an order of the county court after his death, except for the payment of such debts as may have been contracted prior to the time the homestead right attached. If the land was in fact sold to pay such debts, the burden of showing it rested upon the defendants, who claimed under the sale, and as there was no evidence in-

troduced by them tending even to show that fact, the homestead right of plaintiffs in this suit was not affected thereby. *Howe v. McGivern*, 25 Wis. 525.

It is also insisted that Mrs. Rogers is estopped from asserting a claim to the homestead by reason of the sale of her dower interest to Marsh, as well as by the administrator's deed. We are at a loss to perceive how the doctrine of estoppel can be invoked and made applicable to the facts in the case. If any interest passed to Marsh by reason of the sale of the dower, whatever it was became reinvested in her by virtue of the sale made under the judgment rendered against Marsh on his note for the purchase money, and as it does not appear that Marsh in his purchase at the administrator's sale was influenced to make it by anything either done or said by Mrs. Rogers, no element of estoppel exists.

*4. ESTOPPEL.*

It is also claimed that as the answer denied each material allegation of the petition, and as no evidence was offered to show the appointment of the next friend for the two of the plaintiffs who are minors, the judgment should be reversed. This is virtually an objection that the proper parties are not made plaintiffs, and such objection, if not made either by demurrer or answer, is waived under the statute and cannot be made in the motion in arrest. The answer should have set this matter up, and it not having been done, the objection now made cannot be considered. Judgment affirmed, in which all concur.

*5 SUIT BY NEXT FRIEND TO INFANT PLAINTIFF: pleading.*