Case v. Mitzenburg.

CASE *et al.* v. MITZENBURG *et al.*, *Appellants.*

DIVISION ONE.

1. **Homestead:** WIDOW. Under the homestead law as it existed in 1873, the widow was entitled to such homestead in fee simple.

2. ——: ——: ESTOPPEL. A widow or her heir is not estopped to claim such homestead by a judgment in a partition suit which assigns the land to her as dower, where the rights of the parties in the partition suit were not finally determined.

*Appeal from Scotland Circuit Court.*

REVERSED AND REMANDED.

*S. W. Birch* and *Smoot & Pettingill* for appellants.

(1)  The fact that dower has been assigned to a widow does not estop her, or those claiming under her, from asserting a claim to the land in fee. *Thompson v. Reno*, 12 Mo. 157; *Crenshaw v. Creek*, 52 Mo. 98; *Grady v. McCorkle*, 57 Mo. 172; Freeman on Judgments, sec. 303, (2)  A widow is entitled to both dower and homestead in the same land, and the assignment of dower cannot affect the right to homestead. *Gragg v. Gragg*, 65 Mo. 343; *Seek v. Hagress*, 68 Mo. 68; *Kelsay v. Frazier*, 78 Mo. 111; *Rogers v. Marsh*, 73 Mo. 64; *Doane v. Doane's Heirs*, 33 Vt. 650. (3)  No new title was created by the partition proceedings. *Christy v. Water Works*, 8 Pac. Rep. 849; *Hart v. Steadman*, 98 Mo. 452. (4)  A proceeding in partition does not prevent a tenant in common from setting up a greater estate in the share assigned to him than that awarded him in the partition.   2 Black on Judgments, sec. 660; *Kenny v. Phillippi*, 91 Ind. 511. (5)  In

order for a judgment to have the effect of *res adjudicata*, an issue must be made by the pleadings, tried and determined. *Grady v. McCorkle*, 57 Mo. 172; Black on Judgments, secs. 611, 614. (6) If defendant was a tenant in common, no judgment for damages should have been rendered against him. *Dodd v. Barry*, 15 Mo. App. 595; *Regan v. McCoy*, 29 Mo. 356. (7) If the parties plaintiff and defendant are tenants in common, an ouster should have been alleged in the partition.

*R. D. Cramer* and *McKee & Jayne* for respondents.

(1) A judgment in partition establishes the title to the land which is the subject of partition, and is just as conclusive as any other judgment, and the decree so rendered fixes the interest of the parties to the property sought to be partitioned. *Forder v. Davis*, 38 Mo. 107; *Hart v. Steadman*, 98 Mo. 452. (2) A judgment in partition is a final judgment and cannot be collaterally attacked. Thompson on Homesteads & Exemptions [Ed. 1878] sec. 722, p. 590; *Rolf v. Timmermeister*, 15 Mo. App. 249. (3) A judgment in partition establishes the title to land which is the subject of partition and is a final and conclusive judgment at law upon all the parties to the record and upon all the parties claiming under them. *Forder v. Davis*, 38 Mo. 107; *Hart v. Steadman*, 98 Mo. 452. (4) Proceedings under our statute for the ascertainment and allotment of widow's dower is not *res adjudicata* on her homestead claim; but a proceeding in partition to determine all the rights of the parties in lands is. *Gragg v. Gragg*, 65 Mo. 343. (5) A judgment in an action affecting the homestead is conclusive and binding. Thompson on Homesteads & Exemptions [Ed. 1878] sec. 715, p. 584. (6) It is the settled law of this state that a judg-

ment rendered by a court having jurisdiction of the parties and of the subject-matter cannot be collaterally attacked. Among the many decisions rendered by this court we only cite the following: *State ex rel. v. Donegan*, 83 Mo. 374; *Yeoman v. Younger*, 83 Mo. 424.

BRACE, J.—This is an action in ejectment for about one hundred acres of land in Scotland county. In 1873 Charles Case died seized and possessed of a body of land in said county, containing four hundred and ninety-three acres on which he had theretofore resided with his family, leaving surviving him his widow, Malinda, and as his sole heirs eight children; two by his first wife, five by his second, and one by the said Malinda, who was his third wife. This last child, Elizabeth, afterwards intermarried with Charles F. Mitzenburg, and she and her husband are the defendants in this suit.

After the death of the said Charles Case, two of his children by his first marriage died without issue, leaving their brothers and sisters their heirs-at-law. The plaintiffs are the surviving children by those former marriages.

In 1875, in a proceeding for the partition of the body of land aforesaid, instituted by the plaintiff, John W. Case (one of the decedent's sons by his first wife), against the widow and all the other children of said decedent (some of whom, including the defendant Elizabeth were minors) a judgment was rendered, assigning to the widow, Malinda, the premises in dispute as and for her dower therein, and making partition of the remainder of said body of land in kind among all the then living children of the said Charles Case.

It was admitted that the premises thus assigned to the widow was the homestead of the said Charles Case

at the time of his death; that its value at that time did not exceed $1,500, and its quantity did not exceed one hundred and sixty acres; that the defendant Elizabeth is the only child of the said Malinda Case; that the said Malinda lived upon the premises after the death of her husband until her own death about a year before the trial of this case; that she filed no answer in the partition proceeding, and at the time had no knowledge of her homestead right in the land.

I. The defendant Elizabeth and her husband are in possession of the land sued for; she is the sole heir of her mother, Malinda Case. Under the law, as it existed at the time of the death of the said George Case, his widow, the said Malinda, became entitled to the homestead in fee, which was set off to her as dower in the land of which her husband died seized in fee simple; and upon her death such estate would go to her only heir, the said Elizabeth. Wagner's Statutes, ch. 68, sec. 5, p. 698; *Skouten v. Wood*, 57 Mo. 380; *Rogers v. Marsh*, 73 Mo. 64.

The only basis upon which the claim of the plaintiffs rests is that the widow having been made a party to the partition proceeding, and the premises having been assigned to her as dower in that proceeding, the defendant is estopped from setting up her homestead estate in fee against all the other parties to that proceeding, and those claiming under them. This is, of course, true in regard to all the interests that were finally determined by the judgment in that proceeding, in the land of which partition was thereby actually made. "And that judgment vested in each party to whom an allotment was made the title of all the parties to the suit." *Hart v. Steadman*, 98 Mo. 452; *Forder v. Davis*, 38 Mo. 113. And against any allotment thus made, the widow and those claiming under her are

estopped from asserting title under right of homestead or otherwise.

But the premises in dispute were not partitioned in that proceeding and the interests of none of the parties thereto ascertained and finally determined.

The premises were *pro hac vice* assigned to the widow as dower. The ultimate right therein of no party to that proceeding was finally adjudicated by the judgment rendered.

The widow and those claiming under her are not estopped from asserting title in her own right to land, which in a proper proceeding may have been assigned to her as dower, and nothing more. *Thompson v. Renoe*, 12 Mo. 157; *Crenshaw v. Creek*, 52 Mo. 98. And this rule applies as well to a homestead right as any other. *Gragg v. Gragg*, 65 Mo. 343; *Seek v. Haynes*, 68 Mo. 14; *Rogers v. Marsh, supra; Kelsay v. Frazier*, 78 Mo. 111.

On the undisputed facts in the case, the judgment should have been for the defendants. The judgment of the circuit court for the plaintiffs is, therefore, reversed, and the cause remanded where judgment will be entered for the defendants in accordance with the views expressed in this opinion. All concur except BARCLAY, J., absent.