GEORGE H. PAYNE v. DAVIESS COUNTY SAVINGS ASSOCIATION and R. D. McCRAY, Sheriff, Appellants.

Division Two, October 17, 1906.

APPELLATE JURISDICTION: Title to Real Estate: Execution Against Land. A suit to enjoin a sale of real estate under execution, upon the ground that such a sale would cast a cloud upon the title, is not a case involving title to real estate within the meaning of the clause of the Constitution which gives the Supreme Court jurisdiction of appeals in cases involving title to real estate.

Appeal from Daviess Circuit Court.—*Hon. J. T. De Vorss*, Special Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*Hicklin, Leopard & Hicklin* for appellants.

*Boyd Dudley* for respondent.

GANTT, J.—This is an appeal from the judgment of the circuit court of Daviess county, Missouri, decreeing a perpetual injunction against the defendants from selling and conveying certain lands under a certain judgment and execution issued thereon.

The petition alleges, in substance, the incorporation of the defendant bank, and that the other defendant, McCray, was the duly elected and qualified sheriff of Daviess county; that plaintiff is the owner and has possession of certain lands lying in said county of Daviess, and that he has been in the open, notorious and adverse possession of said land for more than twenty-five years under color of title, and that his title thereto had ripened into an absolute fee simple estate; that his possession was at all times adverse to Mrs. Elizabeth Robertson, and that she at all times recognized his ownership to said land. It is then alleged that prior to plaintiff's coming into possession of said land and prior to the year 1866, the said lands were owned by Francis W. Payne, plaintiff's father; that said Francis W. Payne died in the year 1866, owning said land and living thereon as his homestead; that at that time said land was of less value than fifteen hundred dollars; that said Francis left surviving him his widow Elizabeth Payne, now Elizabeth Robertson, the judgment defendant in the transcript judgment and execution hereinafter set forth, and his sons Jacob Payne and this plaintiff, George H. Payne; that at the time of the death of said Francis, said land was his homestead and under the law then in force, his said widow Elizabeth, on his death, became the owner in fee simple of said land; that under the law and upon the face of the record, said Elizabeth would now appear to own the said land; that plaintiff's title thereto is based upon adverse possession under color of title and is not a matter of record and proof thereof outside of the record will have to be made in order to establish plain-

tiff's title thereto, and that under the law and on the face of the record, the title of said Elizabeth to said land would appear to be paramount to the title of plaintiff and legal acumen would be required to determine which held the paramount title to said land; that on the 7th day of November, 1901, the defendant, the Daviess County Savings Association, obtained judgment before S. P. Cox, a justice of the peace, against the said Elizabeth Robertson for $169.74; that execution duly issued to the constable of the township in which said judgment was rendered, and was duly returned, no property being found on which to levy the same; that a transcript was duly filed in the office of the clerk of the circuit court of Daviess county, and the transcript execution issued thereon and placed in the hands of the defendant McCray, as sheriff, and by him was levied on said land and said land is now advertised for sale under said transcript execution against said Elizabeth at the court house door, during the session of the circuit court on Friday, September 5, 1902, as the property of said Elizabeth Robertson. Plaintiff states that upon the face of the record of the title of said land, said sale and the sheriff's deed thereunder would convey an apparent record title to said land superior to the title of the plaintiff, and such sale and deed, if made, would cast a cloud upon plaintiff's title, and could and would be used to embarrass plaintiff's title to said land and embarrass a sale of said land should plaintiff desire to sell, and render title thereof doubtful and questionable, that legal acumen would be required to determine which held the paramount title and litigation would result on account thereof. That in truth and in fact, such sale, if made, would convey no title; that the only purpose and intent thereof, and the only effect thereof would be to harass and annoy plaintiff, and cast a cloud upon the title of his said land, and destroy the merchantability thereof and

thereby compel plaintiff to pay the debt of another which he does not owe, and for which he is not legally chargeable and thereby compel him to suffer loss and damage to that extent, in order to relieve said land from other apparent title from other said sale and deed; that plaintiff has no adequate remedy at law, and would be irreparably injured by such sale if made. Wherefore plaintiff prays that the defendant may be perpetually enjoined from selling or conveying said land under said judgment and execution, and for all such orders, decrees and judgments as may appear just and proper.

The answer of the defendants denies each and. every allegation in the petition except such as are specifically admitted. Defendants admitted that McCray was the sheriff as alleged in the petition, that defendant bank was a corporation as therein alleged, that plaintiff was in possession of the land described in the petition, that Elizabeth Payne, now Elizabeth Robertson, became the owner in fee simple, at the death of her husband, Francis Payne, who owned the same in fee simple; that Francis W. Payne died in the year 1866, while living on and occupying the land as a homestead; that judgment was obtained, levy made, and land advertised for sale at the September term, 1902. For further answer and defense the defendant says that on the 18th day of October, 1901, and before the rendition of the judgment under which said real estate was advertised for sale, the said Elizabeth Robertson made, executed and delivered to the plaintiff, George H. Payne, a good and sufficient deed to said real estate, which deed was duly recorded on the 18th day of October, 1901, in the office of the Recorder of Deeds of Daviess county, Missouri. Wherefore, defendants say that the record or paper title of plaintiff would be paramount on the face of the records to any title that could be acquired by a purchaser at a sale of said land under said exe-

cution. Wherefore defendants say the said injunction should be no longer continued but the same should be dissolved.

The reply denied the new matter set up in the answer.

Upon the hearing of the case at the December term, 1903, of the circuit court, the court found the facts as alleged in the petition, and held that a sale of said land under said execution would cast a cloud upon plaintiff's title and would be a menace thereto and that legal acumen would be required to determine whether the plaintiff or the purchaser at said sale would hold the paramount title to said land, and that plaintiff would suffer irreparable injury, and adjudged and decreed that the temporary injunction should be made perpetual. In due time the defendants filed their motion for new trial and in arrest of judgment, which were heard and overruled, and in due time and in proper form defendants perfected their appeal from the said judgment to this court.

From the foregoing statement it is apparent that we must first determine whether we have any jurisdiction to hear and determine this appeal. Unless it can be said that the title to real estate is involved, it is apparent this court has no jurisdiction of the case, because the amount involved is less than two hundred dollars, and there is no constitutional or federal question in the case. The only purpose of the bill was to obtain an injunction. In State ex rel. v. Court of Appeals, 67 Mo. 199, it was held that a suit to enjoin a sale of real estate under execution upon the ground that such a sale would cast a cloud upon the title, was not a case involving the title to real estate within the meaning of that clause of section 12 of article 6 of the Constitution of Missouri, 1875. It was said in that case: "The result of the litigation may affect the title to real property, as would every suit in which a judgment could be ren-

dered which would be a lien on real estate, but it cannot be said to involve the title." That decision has been followed and approved in Granitoid Company v. Klein, 170 Mo. 225; Klingelhoefer v. Smith, 171 Mo. 455, l. c. 463; Balz v. Nelson, 171 Mo. l. c. 688; State ex rel. v. Dearing, 180 Mo. 53, l. c. 63; State ex rel. v. Elliott, 180 Mo. 658, l. c. 664, and in the very recent case of Barnes v. Stone, 198 Mo. 471.

In view of the fact that the decision in State ex rel. v. Court of Appeals, 67 Mo. 199, is directly in point and has never been questioned, but uniformly approved; it must be held that this court has no jurisdiction of this case. Such was the conclusion of the Kansas City Court of Appeals in Neeley v. The Bank of Independence, 114 Mo. App. 467.

It results that the case must be certified to the Kansas City Court of Appeals, and it is accordingly so ordered.

*Burgess, P. J.*, and *Fox, J.*, concur.