GEORGE H. PAYNE, Respondent, v. THE DAVIESS COUNTY SAVINGS ASSOCIATION and R. D. McCRAY, Sheriff, etc., Appellants.

Kansas City Court of Appeals, November 4, 1907.

LAND TITLES: Cloud: Injunction: Homestead: Limitations: Fraudulent Conveyance. Where the owner of real property by reason of a conveyance would be compelled in an action of ejectment founded on such conveyance, to offer parol evidence to defeat such action, the conveyance amounts to a cloud upon his title and may be prevented by injunction; and plaintiff is held entitled to an injunction to restrain a sheriff's sale on an execution against his mother who had acquired the title under the homestead act of 1866, and under whom the plaintiff claimed by limitation as well as by subsequent quit claim deed carrying merely a nominal consideration and therefore subject to attack as fraudulent.

Appeal from Daviess Circuit Court.—*Hon. Joshua W. Alexander*, Judge.

AFFIRMED.

*Hicklin, Leopard & Hicklin* for appellant.

Injunction will not lie to restrain the sale of land where plaintiff is in possession of the land and where

his legal record title is superior to any title that can be acquired by a purchaser at the sale, and where plaintiff has a complete and adequate remedy at law against any claims that may be asserted by such purchaser. Wilcox v. Walker, 94 Mo. 89; Haeussler v. Thomas, 4 Mo. App. 463; Drake v. Jones, 27 Mo. 429; Kuhn v. McNeil, 47 Mo. 389; Witthaus v. Bank, 18 Mo. App. 181; Clark v. Insurance Co., 52 Mo. 273; Russell v. Lumber Co., 112 Mo. 41.

*Boyd Dudley* for respondent.

(1)   Under the statute, as amended at the revising session of 1899, injunction will lie in any case "where a cloud would be put on the title of real estate being sold under execution against a person, partnership, or corporation having no interests in such real estate subject to execution at the time of sale." Neely v. Bank of Independence, 89 S. W. 907. (2)   We have been unable to find any case where injunction has been brought to restrain sale under execution where this section has been passed upon since it was amended in 1899, and the amendment seems to have been entirely overlooked, and the point here raised on this amendment, so far as we have been able to find, appears to be one of first intention, excepting Neely v. Bank, 89 S. W. 907, which sustains our view.

JOHNSON, J.—Injunction to restrain defendants from selling and conveying certain lands under execution issued on a judgment recovered by defendant Bank against the mother of plaintiff.

A statement of facts sufficient for present purposes appears in the following portion of the final judgment: "That the defendant, The Daviess County Savings Association, is a corporation duly organized and incorporated according to law and the defendant, R. D. McCray, is the duly elected and qualified sheriff of Daviess

county, Missouri; that the plaintiff is the owner and in possession of the lands described in his petition, to-wit: All the west half of the southwest quarter, north of Grand river, of section nine (9), except the south twenty-six acres, also north of Grand river of the south-west quarter of section eight (8), all in township fifty-nine (59) and range twenty-seven (27) in Daviess county, Missouri.

That prior to the year 1866 said land was owned by plaintiff's father, Francis W. Payne; that during said year 1866 said Francis W. Payne died owning the same, the head of a family, consisting of his wife, Elizabeth Payne, and two sons, Jacob Payne and George H. Payne, this plaintiff; that at the time of his death he lived on said land with his said family as a homestead and died thereon; that the land owned by said Francis W. Payne and upon which he died was less than 160 acres in extent and of less value than $1,500; that under the law then in force the widow became at his death the owner of said land in fee simple; that thereafter a pretended petition proceeding was had between the widow and heirs of said deceased whereby the land in suit was allotted to said Jacob and George H. Payne and other of said land of which said deceased died seized was set off to said widow as a dower; that said Jacob Payne conveyed to plaintiff his interest in said land and that plaintiff entered into possession thereof with the knowledge and consent of said widow and has had open, notorious and continuous and hostile possession thereof, with the knowledge of said widow for a period of twenty-five years and that his title thereto has ripened into a fee simple title by limitation; that said widow after the death of said Francis W. Payne married one ———— Robertson and is now Elizabeth Robertson; that on November 7, 1901, the defendant, The Daviess County Savings Association, recovered judgment before S. P. Cox, a justice of the peace within and for Union township,

Daviess county, Missouri, against said Elizabeth Robertson for the sum of $169.74, debt contracted a long time prior thereto, that execution duly issued thereon and returned "no property found whereon to levy the same;" that transcript was filed in the office of the circuit clerk of said county of said judgment; that transcript execution duly issued out of said court thereon, directed to the sheriff of said county; that defendant sheriff levied the same upon land of plaintiff above described and seized the same thereunder as the lands of Elizabeth Robertson, and advertised said land for sale under said execution as the lands of said Elizabeth Robertson, on Friday, September 5, 1902; that after the creation of the debt above mentioned and before the rendition of said judgment thereon said Elizabeth Robertson conveyed said land by quit claim deed dated October 18, 1901, for a pretended consideration of ten dollars to the plaintiff; that this suit was brought to restrain the sale of said land under and by virtue of said execution on September 1, 1902, and that a temporary order restraining said sale issued out of this court on the 5th day of September, 1902.

The court further finds that a sale of said lands by defendants under said execution would cast a cloud upon the title of plaintiff to said land; that the sheriff's deed issued under said sale would constitute a cloud upon said title and would be a menace thereto and that the legal acumen would be required to determine whether the plaintiff or the purchaser of such sale would hold the paramount title to said land, and that by the making of such sale and execution of said sheriff's deed thereunder the plaintiff would suffer irreparable injury and that he has no adequate remedy at law."

On these findings, the court made perpetual the injunction restraining defendants from proceeding with the sale of the land under the judgment recovered by defendant association against Elizabeth Robertson. Defendants' motion for a new trial and in arrest of judg-

ment were overruled and an appeal was granted them to the Supreme Court, but that tribunal certified the cause here on the ground that, as the amount involved in the controversy is less than $4,500 and title to real estate is not directly in question, the jurisdiction over the appeal is vested in this court. [Payne v. Savings Association, 198 Mo. 617; State ex rel. v. Court of Appeals, 67 Mo. 199.]

Defendants rely for a reversal of the judgment on the proposition that "injunction will not lie to restrain the sale of land where plaintiff is in possession of the land and where his legal record title is superior to any title that can be acquired by a purchaser at the sale, and where plaintiff has a complete and adequate remedy at law against any claims that may be asserted by such purchaser." [Citing Wilcox v. Walker, 94 Mo. 89; Haeussler v. Thomas, 4 Mo. App. 463; Drake v. Jones, 27 Mo. 429; Kuhn v. McNeil, 47 Mo. 389; Witthaus v. Bank, 18 Mo. App. 181; Clark v. Ins. Co., 52 Mo. 273; Russell v. Lumber Co., 112 Mo. 41.] At the times of these respective decisions, the statute applicable to cases of this character provided that "The remedy by writ of injunction or prohibition shall exist in all cases where an irreparable injury to real or personal property is threatened, and to prevent the doing of any legal wrong whatever, whenever, in the opinion of the court, an adequate remedy cannot be afforded by an action for damages. [Rev. Stat. 1889, section 5510.]

In the revision of 1899, the section was amended to read: "The remedy by writ of injunction or prohibition shall exist in all cases *where a cloud would be put on the title of real estate being sold under an execution against a person, partnership or corporation having no interest in such real estate subject to execution at the time of the sale,* or an irreparable injury to real or personal property is threatened, and to prevent the doing of any legal wrong whatever whenever in the opinion of the court an

adequate remedy cannot be afforded by an action for damages." [Rev. Stat. 1899, section 3649.] In the new matter which we have italicized, the legislative purpose is clearly expressed to afford an owner, whose land is about to be sold under an execution issued against a person who has an apparent, though not a real interest in the land, a preventive remedy by writ of injunction to stay the casting of a cloud over his title whenever it appears to the satisfaction of the court that an injury for which the law affords no adequate remedy will be wrought by the sale and the delivery of a sheriff's deed to a purchaser. Obviously, a sale of land under an execution against a person who is a stranger to the record title, is not in possession and, therefore, has no apparent interest in the property, cannot serve to disparage the title, since the trained legal mind would perceive, at once, its ineffectiveness. "That can never be considered a legal cloud which cannot for a moment obstruct the unaided rays of legal science when they are brought to bear upon the supposed obscurity." [Van Doren v. Mayor, etc., 9 Paige 388; Haeussler v. Thomas, supra.] But instances are numerous where the owner of the record title who is in possession of the land, nevertheless, may have his title obscured by a sale of the character under discussion, to an extent which would require him in a contest with the grantee in a sheriff's deed to produce evidence extrinsic to the record in support of his title, and we think the rule stated by FIELD, Ch. J., in the case of Pixley v. Huggins, 15 Cal. 127, provides the safest test for the determination of the question, whether a proposed sale will cast a cloud over the owner's title: "Would the owner of the property, in an action of ejectment brought by the adverse party, founded upon the deed, be required to offer evidence to defeat a recovery? If such proof would be necessary, the cloud would exist; if the proof would be unnecessary, no shade would be cast by the presence of the deed."

Adopting this rule as a present guide, the question we are called upon to answer in the case in hand is this: Should we deny plaintiff a preventive remedy and thereby suffer defendants to proceed to sell the land under the execution issued against Mrs. Robertson, would plaintiff be compelled, in an ejectment suit afterwards brought by the holder of the sheriff's deed, to introduce extrinsic evidence to defend his title? If he would, then a cloud would be cast on his title by the sale, and he is entitled to an injunction under the statute as amended. The land which is the subject of controversy was the homestead of Francis W. Payne who died intestate in the year 1866, leaving as his survivors, his widow (the present execution defendant) and two minor sons, of whom plaintiff was one. The homestead, less in extent than 160 acres and of less value than $1,500, descended to the widow in fee, under the statute then in force. [Wag. Stat., chap. 68, section 5, p. 698.] The allotment of the homestead to plaintiff in the partition suit appears to have been the result of a misconception of the widow's absolute right to the property and did not serve to divest her of the title thereto, though she was made a party to that proceeding and did not prosecute an appeal from the judgment rendered therein. She would not have been estopped from asserting her title to the homestead in a subsequent proceeding brought for that purpose. [Thompson v. Renoe, 12 Mo. 157; Crenshaw v. Creek, 52 Mo. 98; Gragg v. Gragg, 65 Mo. 343; Seek v. Haynes, 68 Mo. 13; Kelsay v. Frazier, 78 Mo. 111; Case v. Mitzenburg, 109 Mo. 311.] Therefore, notwithstanding the judgment in partition, Mrs. Robertson appeared as the record owner of the property when she conveyed her title to plaintiff by quitclaim deed. This was on September 1, 1902. At that time, she had incurred the indebtedness to the Savings Association to collect which the present execution was issued. The land had become very valuable and the deed, on its face, showed the payment of

only a nominal consideration. With the record in this condition, plaintiff certainly would have to defend his title by evidence outside the record. With nothing more appearing than the fact that his mother, for a nominal consideration, conveyed property to him of great value at the time she was indebted to the Savings Association, the only conclusion that could be indulged would be that the transfer was made to defraud her creditor. To prevent such conclusion, plaintiff necessarily would have to show that when his mother delivered the deed to him, she had no interest in the land, owing to the fact that he had acquired a good title thereto by adverse possession. It follows that the threatened sale, if made, would cast a cloud on plaintiff's title and, therefore, that he is entitled to the relief prayed.

As what we have said sufficiently disposes of the case, there is no need to discuss the "legal acumen doctrine" so earnestly pressed on our attention by the learned counsel for plaintiff.

The judgment is affirmed. All concur.