STATE OF MISSOURI, Respondent, v. CHARLES VASEL, Appellant.

1. *Criminal law — Misdemeanor — Constable, extortion by — Construction of statute.* — It belongs solely to the justice of the peace to determine the compensation to be allowed his constable for receiving and keeping property levied on. And until that question is determined by the justice, the exaction of any money from the debtor by the constable for such services is extortion and a misdemeanor within the meaning of the statute (Wagn. Stat. 488, § 19).

*Appeal from St. Louis Court of Criminal Correction.*

*A. J. Baker,* for respondent.

*F. & L. Gottschalk,* and *Fisher & Rowell,* for appellant.

CURRIER, Judge, delivered the opinion of the court.

The complaint in this cause is founded upon the statute which makes the taking of illegal fees, under the color of official authority, a misdemeanor (1 Wagn. Stat. 488, § 19). The statute is expressed in the terms employed to define extortion at common law, and is designed to prevent and punish that offense. (1 Bish., § 424.)

The complaint charges that the defendant was a deputy constable of St. Louis township ; that, as such, he had in charge an execution against one Flederman for levy and collection; and that the defendant, in effecting the collection, corruptly and unlawfully, and under color of his office, extorted from Flederman the sum of five dollars. That is the substance of the complaint.

The evidence disclosed substantially this state of fact: The defendant levied the execution upon one of Flederman's horses, and kept and detained it for one hour or thereabouts, when Flederman appeared, paid the execution and all the usual costs,

together with five dollars which the defendant exacted as a condition to the surrender of the horse and as compensation for receiving and keeping the animal subsequently to the levy. The exaction of the five dollars is charged to be illegal and extortionate.

The statute (1 Wagn. Stat. 627, § 18) allows a constable fifty cents for serving an execution, and for receiving and keeping property levied upon, such "compensation as may be awarded by the justice" issuing the process. At the trial defendant's counsel asked various instructions based upon the theory that the justice issuing the execution was the sole judge of the propriety of the charge, and that no prosecution for extortion founded upon that charge would lie until the justice had determined it to be excessive and unwarranted. These instructions were refused, and the defendant complains of the action of the court in that respect.

If it belonged solely to the justice to determine the compensation to be allowed for receiving and keeping the property — and that point may be conceded — the interested constable was certainly traveling out of the line of his duty in determining the compensation for himself. He at least had no jurisdiction over the question. His compensation for receiving and keeping the property was wholly under the control of the justice; and it was also for the justice to settle the preliminary question, whether there had been any such "receiving and keeping" as to warrant any allowance at all beyond the statutory fee for serving the execution. Until the justice passed upon these questions it was not warrantable for the constable to exact anything. Until then his claim was merely inchoate and immature, requiring the sanction of the justice to give it force and legal validity as a demand to be enforced against the execution debtor.

If these views are correct, it follows that the defendant exacted and received from the execution debtor a sum of money to which he was not at that time legally entitled, and to which he has shown no right; and that is extortion, the money being obtained under color of official authority. It is a mistake to suppose that extortion consists alone in taking illegal fees, or more fees than are allowed by law. It is an offense to exact them before they are due. A coroner is guilty of extortion who refuses to take

the view of a body until his fees are paid; and so " if an under-sheriff obtains his fees by refusing to execute process till they are paid, or takes a bond for his fees before execution is sued out." (1 Russell on Crimes, 143 ; and see the statute.)

It was clearly not the intention of the Legislature to permit the constable to make his own terms and exact such fees as he might deem proper, and then refer the matter to the justice for adjudication. That is reversing the proper order of proceeding, and opens the way to unjust exactions. The adjudication must come first. If the constable and the debtor fail to agree upon the proper charge to be made, and the constable persists in his claim, he must refer the matter to the justice to award upon before he proceeds to exact and collect compensation for the kind of service in question. Doubtless this may be done in a summary way; but until it is done the constable makes exactions at his peril.

The constable must be presumed to have known the law, and the presumption in this case is most reasonable. He knew that he had no right to determine his own compensation for the hour's keeping of the horse; he knew that it was for the justice to fix the compensation. Had he promptly referred the matter to the justice, in the meanwhile detaining the horse, the case would have presented an entirely different aspect. But he took a different course and must abide the consequences. The defendant's instructions were properly refused.

It is obvious from what has already been said that the reasonableness of the five dollar charge was not a material matter. Its exaction prior to its allowance was unauthorized and illegal, independently of the question respecting the reasonableness of the amount claimed. The constable had no legal right to exact the money as a condition to the surrender of the debtor's property, the claim not having been allowed by the proper authority.

The objections taken to the complaint are not available upon a motion in arrest. They are of a technical character, and do not affect the substantial merits of the complaint. (Pickering v. Mississippi Valley Telegraph Co. (See p. 457.) Whether the execution was upon its face directed to the constable or to the

Charter Oak Life Ins. Co. v. Brant et al.

constable's deputy was a matter of no importance. The deputy levied it as a legal and valid process, and made the collections in virtue and under color of his office.

Judgment affirmed. The other judges concur.