GEORGE R. BAKER, TRUSTEE, ETC., Appellant, *v.* JAMES P. YOUNG, Respondent.

47 453
41a 212
47 453
47a 343
47 453
129 681
129 683

1. *Insurance—Married women, act touching—Insurance for benefit of—Right of wife to alienate such insurance.*—Under the law touching insurance for the benefit of married women (Wagn. Stat. 938, § 18), the wife has power to retain and appropriate insurance procured by her husband for her benefit if she sees fit, discharged from all claims of either her husband or his creditors. But it was not the intention of the Legislature in this act to impose on her any disability or restraint from alienation, where her act was free and voluntary.

*Appeal from St. Louis Circuit Court.*

*Kinealy,* for appellant.

The assignment is void because Ellen Baker and George Baker could not execute a valid assignment of Ellen Baker's interest in said policy before the court, under any circumstance, by reason of her coverture. (Eadie v. Slimmon, 26 N. Y. 9; Laws of N. Y. 1840, p. 59; Wood v. Simmons, 20 Mo. 363; Jackson v. Purdew, 1 Russell, ch. 1; Honner v. Morton, 3 Russell, ch. 65; Hill on Trust. 417, and cases cited.)

On general principles of equity, such an assignment is void as against the children of Ellen Baker. In the case at bar the trustee held the legal title to the policy. Mrs. Baker's estate and interest in the policy was purely an equitable one, and the trustee did not join in the assignment. Courts of equity will not permit a wife to assign her equitable interests, even to or with the assent of her husband, or for a valuable consideration, so as to bar her children. (Fenner v. Taylor, 1 Simons, 169; *Ex parte* Gardner, 2 Ves. Sr. 672.)

*Rankin & Hayden,* for respondent.

If it be assumed that the wife held the property as her separate estate, the plaintiffs can not recover, because the wife in such case has as full power of disposition as if she were a *femme sole*, and may dispose of her property so held either to her husband or any one else. (Heatley v. Thomas, 15 Ves. Jr. 596; Bullpin v. Clarke, 17 Ves. Jr. 365; N. A. Coal Co. v. Dyett, 7 Paige, 9;

Jacques v. M. E. Church, 17 Johns. 485 ; Cheever v. Wilson, 9 Wall. 119 ; Freeman v. Freeman, 9 Mo. 772.) The statute could have no retrospective effect. The property vested under the old constitution and laws then in existence, and could not be divested. The equity vested in the wife exclusively. But even if the statute invoked has any application, it is not susceptible of the construction the plaintiff contends for. Sections 15 and 18 of the act took effect together, and must be construed together. It was not the intent of the Legislature to create a vested legal estate in remainder in a policy of insurance. Does section 15 pretend to do any such thing? And how can the plaintiff's construction be adopted without holding that the fifteenth section has no effect on any policies taken out since the act became a law? The case in 26 N. Y. is not in point. The New York act expressly provides that the parties may so make their contract of insurance as to give the children an interest. The children are named in the policy. (Kerman v. Howard, 23 Wis. 108 ; see Charter Oak Life Ins. Co. v. Brant, *ante*, p. 419.)

WAGNER, Judge, delivered the opinion of the court.

Plaintiff, George R. Baker, is the husband of Ellen P. Baker, and Henry W. and Kate are their minor children. He brings this suit as the trustee of his wife and the next friend of the children. It seems that the plaintiff procured an insurance on his life for the benefit of his wife, in the Mutual Life Insurance Company of New Jersey, for the sum of $5,000, the premium being paid by himself; that subsequently, with the consent of the company, the husband and wife joined in an assignment of the policy to the defendant, Young, to secure an indebtedness of the husband. At the date of the assignment the policy was nonforfeitable.

Prior to the institution of this suit he was appointed by the Circuit Court trustee for his wife, and he now sues for the recovery of the policy in her behalf and that of her children, claiming that the assignment was void. The suit is based upon the theory that immediately upon the issuing of the policy the wife and children took a vested interest, and that the wife was

incapable of impairing or parting with it by any act of hers in conjunction with her husband. The doctrine that an assignment by husband and wife of the wife's reversionary interest in a chattel will not defeat the wife's right of survivorship, has been insisted upon as governing this case. But it does not apply, for here the parties are all living. The case must be governed by the construction placed upon section 18 of the act in relation to married women (2 Wagn. Stat. 936, § 18). The fifteenth section of the act does not apply, for that relates exclusively to where the wife obtains insurance and pays the premium, and it provides expressly that in case she survives her husband the sum or net amount of the insurance shall be payable to her. and for her own use, free from the claims of the representatives of her husband or of any of his creditors. But the eighteenth section declares that any policy of insurance heretofore or here-after made by any insurance company on the life of any person, expressed to be for the benefit of any married woman, whether the same be effected by herself or by her husband, or by any third person in her behalf, shall inure to her separate use and benefit and that of her children, if any, independently of her husband and of his creditors and representatives, and also independently of such third person effecting the same in her behalf, his creditors and representatives. The section further provides that a trustee may be appointed by the Circuit Court for the county in which such married woman resides, to hold and manage the interests of any married woman in any such policy or the proceeds thereof.

In the first place I do not think that the children are proper parties, or that they have any interest in the proceeding. The clause in this section, that the policy shall inure to the separate use and benefit of the wife and her children, applies simply to the manner of the descent and distribution. After the wife has received and reduced the money to possession, and she dies, it shall go to her children, and not to the husband's representatives. This interpretation is made the more apparent by the concluding paragraph of the section providing for the appointment of a trustee to manage the interests of the married woman in the

policy and its proceeds. But nothing is said concerning the interest of the children.

In the case of The Charter Oak Life Ins. Co. v. Brant, *ante*, p. 419, we expressed our opinion in favor of the assignability of these policies, where such assignment did not conflict with the policy and spirit of the statute. We must now arrive at the intent of the Legislature in the enactment of the eighteenth section. It provides for the inurement of the insurance for the benefit of the wife and children, independently of the husband and his creditors. It gives it to the wife and allows her to keep and retain it, if she chooses to do so, without molestation. The creditors of the husband can not reach it and deprive her of it against her consent, nor can the husband intermeddle with it contrary to her will.

But there are no terms of restraint used, nor any provision against voluntary alienation on her part. In Eadie v. Slimmon, 26 N. Y. 9, the insurance was effected by the wife at her expense, and the court thought it would be a violation of the spirit of the statute to hold that she could sell or traffic with her policy as though it were realized personal property or ordinary security for money. The facts of that case, however, are unlike the present, and the decision can not be regarded as controlling authority.

Here there is no question of survivorship, and the point is whether, when the husband obtains a policy for the benefit of the wife, and pays the premium with his own money, there is any prohibition against an assignment of it by the husband and wife conjointly. Even assume that it is the sole and separate estate of the wife, if there is no statutory restraint it may be parted with or alienated. The wife can not be compelled to use it for any purpose, nor can third persons wrest it from her; but if she will make a voluntary disposition of it, I see nothing to prevent her exercising the power. It has long been a settled and established rule of law that the wife may mortgage or assign her separate property to secure the payment of her husband's debts, and if we admit the soundness of the appellant's argument there is nothing to forbid the application of the principle to the present

case. It frequently happens that the character of assignability constitutes one of the most important elements in life insurance. By it parties holding policies are enabled to negotiate loans and obtain the use of money, where otherwise it would be dead or unavailing capital. These benefits are entitled to no slight consideration.

The law for the complete protection and security of the wife gives her the power to retain and appropriate the insurance, where it is procured by others for her benefit, if she sees fit, discharged from all claims of either her husband or his creditors; but I think it was not the intention of the Legislature to impose upon her any disability or restraint from alienation where her act is free and voluntary.

The Circuit Court found for the defendant, and I think its judgment should be affirmed. The other judges concur.