# SUPREME COURT

OF

# The State of Missouri

AT THE

## APRIL TERM, 1881.

---

FRÉUND *et al.*, *Appellants*, v. McCALL.

**Homestead.** Prior to the amendment of 1875 the Homestead Act conferred upon the widow and minor children of a decedent a right to a homestead whether he left debts or not.

*Appeal from Benton Circuit Court.*—HON. F. P. WRIGHT, Judge.

AFFIRMED.

*J. H. Lay* with *Smith & Shirk* for appellants.

The widow was not entitled to a homestead. The whole scope and aim of the homestead law seems to be to protect a homestead from creditors. It only provides for setting apart the homestead in one case, viz: When it becomes necessary to sell the real estate of the deceased for payment of debts. Any other construction of the act would have the effect to entirely abrogate, or greatly modify, the statutes of wills, of descent and distribution and of dower even, in all cases where the deceased dies without being indebted, as well as where he dies indebted. In such case, where he left no lands besides the homestead, the statute of descent and distribution would have no effect; and where he left other lands that statute would be greatly modified in its operation by the carving out of the homestead from the whole estate. Any other construction would also bring the homestead law in conflict with section 21, page 542, Wagner's Statutes, (R. S., 2205,) which provides that the widow shall enjoy the mansion house and plantation of the deceased husband until her dower is assigned. These statutes have remained unchanged since the passage of the homestead law. And if the legislature had intended that they should thus be modified or superseded in all cases, they would certainly, by this time, have been amended to conform to such intention. No such change has been attempted, nor does the homestead law any where attempt to fix and adjust the rights of the widow and heirs of a party who dies leaving his lands without any liability to be sold for his debts.

*Barry & Campbell* and *M. A. Fyke* for respondents.

HOUGH, J.—This was a suit in partition brought in 1876, by the heirs of Jacob Freund, who died in 1871, seized of about 900 acres of land, 160 acres of which he owned and occupied as a homestead, against Jane McCall, who was the widow of Jacob Freund, and who had intermarried with the defendant, James McCall. No part of the

lands of the deceased was required for the payment of his debts, he having left personal property more than sufficient for that purpose, and at the institution of this suit his estate had been fully administered. Some of the plaintiffs were minors. The circuit court set apart to Jane McCall an estate in fee in ninety acres of the 160 acres claimed as a homestead, and gave to each of the minor heirs, during their minority the right to the joint use and occupancy thereof, gave to the widow no dower, and divided the remainder of the land equally among the heirs.

The only question presented for decision is, whether any homestead can be set apart to the widow and infant children, when no part of the real property of which the deceased died seized, is needed for the payment of debts. It is conceded that under the decision of this court in *Skouten v. Wood*, 57 Mo. 380, and the statute in force at the time of the death of Jacob Freund, the widow was entitled to an estate in fee in the homestead, if she had any right whatever to a homestead; but it is contended that when there are no debts, or when the estate of the deceased is sufficient to pay his debts without resorting to the land held as a homestead, the widow is only entitled to dower, and no homestead can be set apart either for the widow or the children. This view has been urged upon our attention with much earnestness and plausibility, and is apparently supported by a decision of the supreme court of North Carolina, which has been cited in argument. *Hager v. Nixon*, 69 N. C. 108.

The statute of North Carolina, however, under which this decision was made, provides that when the husband dies without having had his homestead exemption ascertained, as he might do even though it had not been levied upon under execution, his widow is entitled to have such homestead laid off to her simply as an exemption from the payment of debts. Battle's Rev. 1873, 468, §§ 7, 10; Thompson on Homesteads, § 563. In the case cited the court said: "It may be laid off as a protection against creditors, but

it is valid and available against them only. As between the widow and the heirs; the estate goes under the general laws."

Our statute declares that the dwelling house and appurtenances, including the land used in connection therewith, of every head of a family, not exceeding a certain amount, shall constitute a homestead, and that on the death of such head of a family, such homestead shall vest absolutely in the widow, and in the event there are minor children, then in such widow and also in such minor children during their minority, without being subject to the payment of the debts of the deceased. *Skouten v. Wood*, 57 Mo. 380. By the language of our statute, it will be observed, that the homestead vests in the widow and children whether there be debts or not, and by the 6th section of the act in force when the rights of the defendant accrued, the value of such homestead was to be deducted from the value of her dower in the remainder of the real estate of which her husband died seized, and in the event the value of the homestead equaled or exceeded the value of such dower, no dower was to be assigned to her. Wag. Stat., pp. 697, 698, §§ 1, 5, 6. The evident purpose of this act was not simply to create an exemption, but to take the homestead from under the operation of the general law of descents and create an estate in fee therein in the widow. This statute has been very materially modified by the statute of 1875. *Vide* Acts 1875, p. 60, § 1. We are of opinion that a right to a homestead exists in favor of the widow and minor children under the statute in force at the time of the death of Jacob Freund, whether the deceased left any debts or not, and the judgment of the circuit court will, therefore, be affirmed. The other judges concur.