| 78 | 111 |
| 105 | 71 |
| 78 | 111 |
| 109 | 315 |
| 110 | 229 |

## KELSAY v. FRAZIER *et al., Appellants.*

1. **Homestead**: ADMINISTRATOR'S SALE OF, WHEN VALID. To make a sale of the homestead by an administrator valid, it must appear that the debt for the payment of which it was sold, was contracted before the homestead right attached or was acquired ; and the burden of showing this rests on him who claims under the administrator's deed.

2. ———— : AN AGREEMENT CONSTRUED. The widow and heirs of a decedent agreed together as follows : " We hereby obligate ourselves to divide the estate of the deceased, after the payment of all debts and expenses of administration, into three equal parts and each take one-third, in full of all claims and demands against said estate ; it being hereby intended by the widow of said deceased, to relinquish all claim of dower, in consideration of the above provision ; and, we further agree, if said division cannot be made, in kind, that the property shall be sold by the public administrator of Morgan county, and, after the expenses are paid, the proceeds of such sale divided among us according to our respective interests, as above stated." *Held*, that this was simply an agreement as to how the estate should be divided after the payment of debts, and did not authorize the probate court to have the homestead right of the widow sold for the payment of debts.

*Appeal from Morgan Circuit Court.*—HON. E. L. EDWARDS, Judge.

REVERSED.

*Draffen & Williams* for appellant.

*A. W. Anthony* for respondent.

NORTON, J.—This is an action of ejectment to recover possession of lots 104 and 105 in block 49 in the town of Versailles, Morgan county. The petition is in the usual form. The answer is a general denial and also sets up title in defendants Rice and Wells. On the trial of the cause plaintiff obtained judgment, from which the defendants have appealed. Both parties claimed title through John C. Mc-Coy, who died in September, 1873. Plaintiff in support of his title offered in evidence a deed from John Simms, public administrator of Morgan county, having in charge the estate of said McCoy, deceased, conveying the lots in controversy, the sale having been made by him in pursuance of an order of the probate court of said county, directing the sale of said property for the purpose of paying the debts of said McCoy, deceased. This deed was dated January 29th, 1876. The defendants, in support of their claim of title, put in evidence a deed from Evaline McCoy, the widow of said John McCoy, deceased, dated January 18th, 1876, conveying to defendant Rice an undivided half interest in the lots sued for; they also offered evidence showing that said John McCoy was living on the said lots at the time of his death, with his family, as his homestead; that the property was not worth exceeding five or six hundred dollars; that said McCoy died in 1873 leaving said Evaline, his widow, surviving, who for a short time continued to reside on the premises, and four years later died, leaving defendant Porter Wells her only surviving heir. Defendants here rested.

and plaintiff offered, and the court received in evidence, over defendants' objection, the following paper :

" We, the undersigned, widow and heirs of John C. McCoy, deceased, have this day agreed with each other, and hereby obligate ourselves to divide the estate of the deceased, after the payment of all debts and expenses of administration, into three equal parts, and each take one-third in full of all claims and demands against said estate; it being hereby intended by the widow of said deceased, to relinquish all claim of dower, in consideration of the above provision; and,. we further agree, if said division cannot be made, in kind, that the property shall be sold by the public administrator of Morgan county, and, after the expenses are paid, the proceeds of such sale divided among us according to our respective interests, as above stated. Witness our hands and seals, this 29th day of September, 1873.

<div align="right">

EVALINE U. McCoy, [SEAL.]

WILLARD J. McCoy, [SEAL.]

LUCINUS S. McCoy, [SEAL."]

</div>

The court gave on plaintiff's motion, and against the objection of defendants, the following instruction, viz : " If the jury believe from the evidence that Willard J. McCoy and Lucinus McCoy and Evaline U. McCoy, the widow, were the only heirs at law of John C. McCoy, at the time of his death, and that they executed and acknowledged the instrument of writing, read in evidence, and that in pursuance of said agreement, the probate court of Morgan county ordered a sale of the property in controversy, and that the same was sold by John Simms, administrator of the estate of John C. McCoy; that plaintiff purchased the same and received the deed therefor, read in evidence, then they will return a verdict for the plaintiff, for the possession of said premises."

Several instructions were asked by defendants and refused, the only one of which deemed material to be considered in the disposition of the case, is as follows : " The

administrator's deed, read in evidence, only passed such title as John C. McCoy had in said property, at the time of his death, subject to the homestead of his widow, Evaline U. McCoy, and if the jury shall find that John C. McCoy died in the year 1873, and that his widow, Evaline U. Mc-Coy, survived him, and that at the time of his death they were residing upon and using the property sued for, as a homestead, then the title to said homestead, not exceeding eighteen square rods of ground, nor more than $1,500 in value, passed to and vested in Evaline U. McCoy, and the administrator's sale and deed passed no title to said home-stead to the plaintiff, and he cannot recover the possession of said homestead, and the jury ought to so find."

When a husband died, anterior to the amendment made to the homestead law in 1875, the owner of a home-

1. HOMESTEAD: ad-ministrator's sale of, when valid. stead, it has been repeatedly held that such homestead right upon his death vested in his widow, and was not subject to the payment of his debts. *Gragg v. Gragg*, 65 Mo. 343 ; *Skouten v. Wood*, 57 Mo. 380 ; *Freund v. McCall*, 73 Mo. 343. In the case of *Rogers v. Marsh*, 73 Mo. 64, while the doctrine of the above cases was re-affirmed, and while it was held that a homestead might be sold for the payment of debts contracted anterior to the acquisition of the homestead, it was further held that to make a sale by an administrator of the homestead valid it must appear that the debts for the payment of which it was sold were contracted before the homestead right attached or was acquired, and that the burden of showing this rested on him who claimed under the admin-istrator's deed. Inasmuch as on the trial of this cause there was no evidence tending to show that the debts of McCoy, deceased, for the payment of which the lots in question were sold, were contracted prior to the acquisition of the homestead, under the rulings of this court in the above cases the above instruction asked by the defendants ought to have been given, and the court erred in refusing it.

We are of the opinion the court also erred in receiving

in evidence the writing signed by Mrs. McCoy, Willard and Lucinus McCoy, for the reason that it does not purport to relinquish any homestead

<div style="margin-left:2em">2. ——: an agreement construed.</div>

right of Mrs. McCoy, but only her dower, and is simply an agreement between the parties thereto as to how the estate shall be divided between them, after the payment of debts, under which plaintiff can claim no right, and under which the probate court could derive no authority to sell the homestead right of Mrs. McCoy. If the question of dower had only been involved in the controversy, it might then have been received in evidence for the purpose of establishing an estoppel as against Mrs. McCoy and those claiming under her.

Judgment reversed and cause remanded, in which all concur.