KOCHLING *et al.*, *Plaintiffs in Error*, v. DANIEL

**Homestead**: CONVEYANCE BY WIDOW: MINOR CHILDREN. It is no defense to an action of ejectment by the minor children for the recovery of the possession of the homestead, that the defendant claims title from a purchaser at a foreclosure sale under a mortgage given by the widow. Under Wagner's Statutes, page 698, section 5, the minor children, until they attain their majority, are entitled to the exclusive possession of the homestead as against the widow's vendee.

*Appeal from Audrain Circuit Court.*—HON. ELIJAH ROBINSON, Judge.

REVERSED.

*S. M. Edwards* for plaintiff in error.

(1) The homestead act vested this peculiar interest, immediately upon the death of the parent, in the minor children, as well as in the widow. Wag. Stat., p. 698 § 5. The mother and widow could not alienate the children's interest. It could not be seized even for the debts of those children. *Dunton v. Woodbury,* 24 Ia. 74; *Moore v. Duning,* 29 Ill. 130. The fact that some of the borrowed money went to pay taxes makes no difference, as the State had no greater rights than individuals. *State v. Pitts,* 51 Mo. 132. (2) The mere fact that the widow in this case took the fee, did not vest in her the power to sell plaintiffs' homestead interest. *Skouten v. Wood,* 57 Mo. 380. (3) This interest was not subject to any debts. *State ex rel. Meinzer v. Diveling,* 66 Mo. 375. "The widow during life can give no better right to her vendee than to her heirs." *Roberts v. Ware,* 80 Mo. 363. Ejectment is the proper remedy. *Canole v. Hurt,* 78 Mo. 649.

*Macfarlane & Trimble* for defendant in error.

There is nothing in the homestead law of this State

either prohibiting or limiting the power of alienation, or the effect of an abandonment by the husband and father. Wag. Stat., p. 698, § 3, 5, 7, 8. Such, also, are the adjudications of the courts of other states in which the power of alienation is not expressly limited by the statute creating the homestead. Thompson on Homesteads, §§ 453, 455, 456 and authorities cited. The exemptions of the homestead law are only intended to relieve the family from the misfortunes or indiscretions of its head. They do not protect from voluntary acts of sale or abandonment. The father is the head of the family, and in case of his death, the duties, obligations, rights and authority devolve upon the mother. If the father could alienate or abandon the homestead, the widow succeeded to all the rights. The head of the family is the agent of the family with full powers. The rights of the children are in such subordination to those of the parents that whatever concludes the latter will equally conclude the former. Thompson on Homesteads, §§ 42, 43, 276, 483, 721; *Shepherd v. Brewer*, 65 Ill. 383; *Dawson v. Holt*, 44 Tex. 174; *Morrill v. Hopkins*, 36 Tex. 686; *Hand v. Winn*, 52 Miss. 788; *Keyes v. Hill*, 30 Vt. 759; *Bursow v. Fowler*, 65 Ill. 146; *Guiod v. Guiod*, 14 Cal. 506; *Foss v. Strachn*, 42 N. H. 40; *Tadlock v. Eccles*, 20 Tex. 782. The answer shows that the widow alienated and abandoned the homestead and took the plaintiffs, her minor children, with her. They are bound by her acts. In case of her death another question would arise. If the plaintiffs retained a right it could not be enforced by an action in ejectment. The statute gives to the children no right independent of the mother. It was the duty of the widow to furnish necessaries, pay taxes, etc., and she could charge the homestead therefor. Whether a sale of the homestead rights of the children could be effected under such charge may be doubted, but it is clear that the rights of parties could not be adjusted in a suit in ejectment.

PHILIPS, C.—This is an action in ejectment to recover

the possession of the northeast quarter of section 19, township 52, range 5, situated in Audrain county. Petition is in the usual form. The plaintiffs are minors, suing by their next friend. The answer alleged that the land belonged in fee to one Joseph Kochling, that he died in 1871 seized of this land as a homestead leaving his wife and children surviving, the plaintiffs herein being his minor children. The widow and said children occupied said land as a homestead. She becoming indebted for taxes on said land and otherwise mortgaged the same to raise money. Under this mortgage the land was sold and the defendant claims title thereto under the purchaser at said foreclosure sale. That thereafter the said widow removed from the land with her minor children surrendering the possession to defendant. To this answer the plaintiffs demurred on the ground that the facts pleaded constituted no defense to the plaintiffs' action. The court overruled the demurrer. Plaintiffs declining to plead further, the court entered up judgment for defendant on said answer. From that judgment plaintiffs prosecute this writ of error.

The principles of law involved in this case have been fully considered and determined by this court in the cases of *Canole v. Hurt*, 78 Mo. 649, and *Roberts v. Ware*, 80 Mo. 363. Adhering to those decisions, the circuit court erred in overruling the demurrer to the answer and rendering judgment thereon for defendant. The answer constituted no defense to the action, and judgment should be rendered thereon for the plaintiffs.

The judgment of the circuit court is accordingly reversed and the cause remanded to be proceeded with conformably to this opinion. All concur.