RHORER, *Trustee, Appellant*, v. BROCKHAGE.

1. **Homestead, Right of Widow to Alienate.** Under Revised Statutes, section 2693, the homestead vests in the widow and minor children, upon the death of the husband, and continues for their joint benefit until the youngest child shall have attained its legal majority, and the widow has no right to dispose of, abandon or otherwise deal with it to the impairment of the children's right to use it as a homestead.

2. **Homestead, Right of Widow and Minor Children to.** Under the present law (R. S., sec. 2693) the widow and minor children are entitled to a homestead, regardless of whether or not the decedent left any debts.

3. **Homestead:** RIGHTS OF MINOR CHILDREN. The rights of the minor children in the homestead are in no manner affected by its abandonment by the mother. Although they may accompany her to another home, their rights in the homestead continue.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*C. P. & J. D. Johnson* for appellant.

(1) Under the Missouri law, the homestead is an exemption from attachment and execution when used as a home. R. S., secs. 2691, 451. (2) And this exemption from attachment and execution of the home, when used as such, passes to and vests in the widow and children at the death of the housekeeper, and continues for their benefit without being subject to the debts of the deceased, but his entire interest and estate, except this exemption from execution and attachment thus continued, is subject to the laws relating to devise, descent, dower, partition and sale. R. S., sec. 2693, p. 451; *Poland v. Vesper,* 67 Mo. 727. (3) The homestead exemption is a right—an immunity from attachment and execution at the hands of creditors only—but is not an estate. *Black v. Curran,* 14 Wall. 463; *Hewett v. Templeton,* 43 Ill. 367; *Turner v. Bennett,* 70 Ill. 263; *Robinson v. Baker,* (Mich.) 11 N. W. Rep. 410. (4) When the householder dies intestate, without debts and without alienation, his real estate is subject to descent, dower, partition, etc., between the widow and heirs, the same as if the homestead law had no existence upon the statute book. R. S., sec. 2691; *Bennett v. Turner,* 70 Ill. 263; *Sontag v. Schmisseur,* 76 Ill. 541; *Fight v. Holt,* 80 Ill. 84; *Hagar v. Nixon,* 69 N. C. 108; *Robinson v. Baker,* 11 N. W. Rep. 410. (5) Use as a home is one of the statutory conditions of a homestead, therefore, the

right and exemption may be lost by abandonment—and the mother or surviving father can, by abandoning the homestead, deprive the children of this right.   After the death of the father, the mother becomes the protector of the children, and her domicile and home become theirs. Thompson on Homesteads, secs. 43, 102, 550 ; *Hicks v. Pepper*, 57 Tenn. 42 ; *Shepherd v. Brewer*, 65 Ill. 383 ; *Dawson v. Holt*, 44 Tex. 174 ; *Johnson v. Taylor*, 43 Tex. 121 ; *Davis v. Andrew*, 30 Vt. 678 ; *Nevin's Appeal*, 47 Pa. St. 230.   (6) Where the homestead right exists, the property is subject to execution and partition and sale subject to that right.   R. S., secs. 3341, 3342 ; *Poland v. Vesper*, 67 Mo. 727 ; *Le Bourgeoise v. McNamara*, 10 Mo. App. 116 ; *Harvey v. Duncan* (M. S.) Tenn. 1876 ; *Avans v. Everett*, 3 Lea (67 Tenn.) 76 ; *O'Gatton v. Tolley* (Kansas) 10 C. L. J. 57 ; *Hillard v. Scoville*, 52 Ill. 449 ; *Cook v. Webb*, 19 Minn. 170 ; *Blakely v. Colder*, 15 N. Y. 623.   (7) The homestead right does not exist where the occupant has on y an individual interest as tenant in common with others.   *Avans v. Everett*, 3 Lea, (67 Tenn.) 76.

*W. C. Marshall* for respondent.

(1)   The property in suit, being a homestead, could not be legally mortgaged by the widow.   *Whittle v. Samuels*, 54 Ga. 548 ; Thompson on Homesteads, secs. 548, 549.   (2) The homestead is not subject to partition at this time.   *Skouten v. Wood*, 57 Mo. 382. (3) Whether deceased left debts or not does not affect the homestead rights of the widow and minor children.   (4) Partition affects possession only, and since the minor is entitled to the joint right of possession of the whole homestead there can be no such thing as partitioning that possession or the estate subject to that right.   (5) The minor's homestead right is not affected by the widow's temporarily renting the homestead.   *Skouten v. Wood*, 57 Mo.

380. The minor, not being *sui juris*, is incapable of abandoning the homestead.

HENRY, C. J.—John Brockhage, the father of defendant, died May 17, 1875, occupying as a homestead, and seized of the premises in controversy, leaving his widow and this defendant, a minor son, as his only heirs. After his death, the widow elected to take a child's part of his estate, in lieu of dower. Prior to 1878, she intermarried with one Alvord, and, on the twenty-eighth day of August, 1878, she and her husband mortgaged her interest in said property, and plaintiff claims under that mortgage. In November, 1879, Mrs. Alvord leased the homestead to another, and temporarily resided on other property which belonged to the estate of her deceased husband. The premises in question do not exceed in area, or value, the limits prescribed for a homestead. The object of this proceeding is to have partition of said premises betwixt the plaintiff and defendant. Defendant had a judgment in the circuit court, which was affirmed by the St. Louis court of appeals, and plaintiff has appealed to this court.

Whether the widow had an estate in the premises which she could convey to another, or what, if any, interest her grantee would take under a deed from her, purporting to convey a fee-simple title to an undivided half thereof, we deem it unnecessary to decide, being of the opinion that, even if, under her election, she was entitled to an undivided half of the premises in fee, there can be no partition thereof, until the defendant shall have attained his majority. The statute, section 2693, provides that the homestead shall vest in the widow and children, and shall continue for their benefit, until the youngest child shall have attained its legal majority. It is for their joint benefit, and there is nothing in the statute which confers upon her or warrants a fair inference that the widow has the right to dispose of it,

abandon, or otherwise deal with it to the impairment of the right of the children to occupy it as a homestead. *Kochling v. Daniel*, 82 Mo. 54.

It is contended that Brockhage owing no debts when he died, there can be no statutory homestead. The contrary was held in *Freund v. McCall*, 73 Mo. 346 ; but because, under our original homestead act, the widow took a fee-simple estate in the homestead, and not under the present law, which, it is claimed, is only an act exempting a homestead from the debts of the decedent, it is insisted that where there are no debts there can be no homestead. There was no material change effected by the act of 1875, bearing upon this question, except as to the estate of the widow in the homestead. That was, equally with the present law, an exemption act. The first paragraph of the first section of that act was precisely the same as that of the first section of the present law. The second section of that act, as does the second of the act now in force, prescribes what shall be done when an execution is levied. The subsequent sections of the two acts are not materially different from each other, and we see no reason for holding, under the present law, that there can be no statutory homestead, when the decedent left no debts, which did not bear with equal force on that question under the former law.

Nor do we think that the homestead right of the children can be, in any manner, affected by its abandonment by the mother. They may accompany her to another home, but their right in the old homestead continues.

The judgment is affirmed. All concur.