VENA WANSCHAFF, Respondent, v. THE MASONIC
MUTUAL BENEFIT SOCIETY OF INDIANA AND THE
BANK OF ATCHISON COUNTY, Appellants.

### Kansas City Court of Appeals, May 12, 1890.

1. **Insurance** : RULE AS TO CONSTRUCTION OF STATUTE. Section 5854,
Revised Statutes, 1889, is in the nature of an exemption law, and
like all statutes of that kind is to be construed liberally so as to
effectuate the benign spirit and purpose of its enactment.

2. ———— : ASSIGNMENT BY WIFE : RIGHTS OF CHILDREN UNDER THE
STATUTE. When by the death of the party who has paid the
premiums on a policy of life insurance, expressed to be for the
benefit of any married woman, the right and title to the policy
and the fund, by virtue of the statute absolutely and uncondition-
ally vests in the married woman and her children, and her assign-
ment of the policy cannot deprive the children of their right
thereto, *quære :* Whether she can assign her interest.

3. **Appellate Practice :** CONFLICT OF EVIDENCE : DEFERRING TO
TRIAL JUDGE. In an issue as to whether an assignment of an
insurance policy was secured by fraud and undue influence, where
the evidence is conflicting and the determination of its preponder-
ance difficult, the appellate court will defer to and follow the
finding of the trial judge.

*Appeal from the Atchison Circuit Court.*—HON. CYRUS
A. ANTHONY, Judge.

AFFIRMED.

*H. S. Kelley* and *M. McKillop,* for appellants.

( 1 ) At the time said transfer of said policy was
made the said plaintiff was *sui juris,* and had full and
complete power and authority to enter into the contract
and make said transfer ; and her action in the premises
was binding on her, and she was not prevented nor pro-
hibited from assigning and transferring said policy by

the provision of section 5891, chapter 119, Revised Statutes of Missouri, 1879. *Baker v. Young*, 47 Mo. 453, construing section 18, General Statutes, 1865, which is identical with section 5891 of statutes of 1879 ; *Taylor v. Fox*, 16 Mo. App. 527, approved in *Rothschild v. Frensdorf*, 21 Mo. App. 323. ( 2 ) The evidence shows no duress or undue influence on the plaintiff sufficient to avoid her said act of transferring said policy. 1 Story's Eq., secs. 238, 239, and notes. ( 3 ) In order that said transfer and assignment should be set aside, duress, fraud, misrepresentation or concealment of facts on the part of the defendant bank should be proven. The supposed influence of one party over another is not sufficient unless it be proven that the person used his influence over such other to his or her detriment and that such person was induced by such influence of the other to do some act which was not the voluntary act of the party complaining. 2 Pomeroy's Eq., sec. 951, and notes. ( 4 ) No fiduciary relations were proved to exist between the plaintiff and the agents and officers of said bank. 2 Pomeroy's Eq., sec. 951, and notes. ( 5 ) There was a sufficient consideration for the transfer and assignment of said policy. *Markle v. Bank*, 8 Mo. 316. ( 6 ) The said contract of transfer and assignment of said policy was executed by the delivery of said policy and the execution of said written assignment, and could not afterwards be avoided by setting up a want of consideration. *Clemens v. Dryden*, 6 Mo. App. 597. ( 7 ) The second contract entered into by the parties and defendant bank was a good, valid and binding contract, though not reduced to writing. *Methudy v. Ross*, 10 Mo. App. 101.

*Huston & Parrish* and *John D. Campbell*, for respondent.

( 1 ) Upon the death of Alfred J. Wanschaff the right to the proceeds of the life policies at once "inured to the benefit of plaintiff and her children." R. S. 1879,

sec. 5981, ch. 119. That section entered into and became a part of the contract as though written in the policy. Upon Alfred's death the interest vested. "Where a conveyance is made to A. and her children, A. and her children then *in esse* take as tenants in common." *Hamilton v. Pitcher*, 53 Mo. 334; *Baker v. Noll*, 59 Mo. 265. (2) After Alfred's death his widow was under no obligation, legal or equitable, to pay his debts. The marital relation had ceased, and she was not in any way bound to pay his debts, any more than to pay the debts of any stranger. Her undertaking to pay them was purely voluntary, without consideration, and the efforts of the bank officials in requesting her to beggar herself and children in paying a debt she was under no obligation to pay savors of fraud and unfairness. The only ground upon which they could hope to be successful was to play upon her affections, grief and fear. "A mere moral obligation alone, without some antecedent legal obligation, is not a good consideration. *Greenbaum v. Elliott*, 60 Mo. 25; *Kennedy v. Macklin*, 8 Mo. 698; *Bank v. Robidoux*, 57 Mo. 446; *Hoyt v. Oliver*, 59 Mo. 188; *White v. Bennett*, 1 Mo. 102; *Wessen v. Turner*, 25 Mo. 81; 1 Parsons, Cont. 1434, sec. 2; 1 Parsons on Cont., sec. 111, p. 436; *Railroad v. Brown*, 43 Mo. 294; *Durfee v. Moran*, 57 Mo. 374; *Cadwallader v. Wise*, 48 Mo. 483; *Cook v. Elliott*, 34 Mo. 586; *Todd v. Grove*, 33 Md. 183; *Underhill v. Harwood*, 10 Vesey, 209-19; *Haguenin v. Baseley*, 2 White & Tudor's Leading Cases in Equity, 1237-8-9; *Cruise v. Christopher*, 5 Dana, 181. (3) The finding and decree of the lower court is abundantly sustained by the testimony. *Haguenin v. Baseley*, *supra*, p. 1184-5; *Haguenin v. Baseley*, *supra*, p. 1193-4 and 1225-6; *Bayliss v. Williams*, 6 Caldwell, 442; *Long v. Mulford*, 17 Ohio (N. S.) 484-505; *Todd v. Grove*, 33 Md. 183. (4) "There is no standard or rule as to what constitutes, or definition of facts necessary to make, 'undue influence.'" *Haguenin v. Baseley*, *supra*, p. 1187-8;

Wanschaff v. The Masonic Mut. Ben. Society of Indiana.

*Haguenin* v. *.Baseley, supra,* p. 1185-6; *Griffith* v. *Robins,* 3 Mad. 191; *Turley* v. *.Edwards,* 18 Mo. App. 676; *Rankin* v. *Patten,* 65 Mo. 378; *Bradshaw* v. *Yates,* 67 Mo. 221; *Miller* v. *Simonds,* 72 Mo. 669; *Holloway* v. *Holloway,* 77 Mo. 392-6. (5) In determining whether the assignments were her deliberate acts, springing entirely from her own unbiased mind, or were the product of improper influences prompting thereto the following cases should be considered : *Haguenin* v. *Baseley, supra,* p. 1230; *Eadie* v. *Slimmon,* 26 N. Y. 9; *Turley* v. *Edwards,* 18 Mo. App. 686; *Long* v. *Mulford,* 17 Ohio (N. S.) 484; *Bellage* v. *Souther,* 9 Hare, 540; *McCormick* v. *Malins,* 5 Blackford, 509; *Rankin* v. *Patten,* 65 Mo. 379. (6) To say the least of it, the testimony strongly tends to prove undue influence. Concede that there is a conflict of testimony, yet the preponderance is doubtless with the respondent. The lower court having an opportunity not alone to see the cold face of the record, but the living witnesses face to face, and note their manner, has found the fact in favor of the respondent. In such case courts of last resort, even in equity cases, give much weight to the finding of the chancellor. *Bryder* v. *Bank,* 15 Mo. App. 580; *Erskine* v. *Loewenstein,* 82 Mo. 301; *Snell* v. *Harrison,* 83 Mo. 652; *McCann .v. Anthony,* 21 Mo. App. 83.

SMITH, P. J.—This was a suit brought in the circuit court of Atchison county by the plaintiff against the defendant insurance company to recover the sum of twenty-five hundred dollars on a policy of insurance, which had been effected in said company upon the life of her husband, who had subsequently died while the same was in force. The petition alleged that the defendant bank had the policy of insurance in its possession, though it had no right or title thereto. The answer of the defendant insurance company admitted the allegations in the plaintiff's petition, but further alleged as an excuse for not paying over the amount admitted to

be due by it in the policy that the defendant bank claimed the same, and to relieve itself from costs and expense it prayed for permission to deposit the money in court, and that upon a final determination of the controversy that the same be paid to the party adjudged entitled thereto.

The defendant bank answered that the plaintiff's husband, Alfred A. J. Wanschaff, was at the time of his death, and had for many years prior thereto been, the cashier, and that while acting in that capacity he had embezzled some sixty-three hundred dollars of its money, and that the fact was not discovered until after his death ; that the policy of insurance sued on had been assigned and delivered by the plaintiff to secure the said amount of her husband's liabilities to it; that the first assignment was in writing, but that subsequently there was a modification of the same agreed to between plaintiff and defendant bank, by which it was provided that upon the collection of the amount due on the policy the defendant bank should pay plaintiff one-half.   The plaintiff in her reply to the answer of the defendant bank alleged that the agreements and assignments mentioned in said answer were obtained from her by misrepresentation, undue influence, coercion and duress and without consideration ; that said policy and the amount thereby insured under the provisions of section 5981, Revised Statutes, 1879, inured to the benefit of the plaintiff and her children, and that it was not in plaintiff's authority to assign the policy to the defendant bank.   There was a prayer for the cancellation of the assignment and for the surrender of the same to plaintiff.   There was a trial on the issues made by the pleadings before the court, where the finding and decree was for the plaintiff, to reverse which the defendant bank has appealed.

The foregoing synopsis of the pleadings is a sufficient statement of the case for purpose of correct understanding of the decisive questions involved.

I.   In approaching the consideration of this case the first question of law with which we are confronted is whether the execution of the assignment of the policy to the defendant bank, through which it claims title to the fund in controversy, was within the authority of the plaintiff; for, if it was not, then we cannot disturb the decree of the trial court.   This question must find its solution in the construction to be placed upon section 5981, Revised Statutes, 1879, which provides that, "Any policy of insurance heretofore or hereafter made by any insurance company on the life of any person expressed to be for the benefit of any married woman, whether the same be effected by herself or by her husband, or by any third person in her behalf, *shall inure to her separate use and benefit and that of her children*, if any, independently of her husband and of his creditors and representatives," etc.   This section entered into and became a part of the contract as though written in the policy.   The statute just quoted is in the nature of an exemption law, and like all statutes of this kind is to be construed liberally *so as to effectuate the benign spirit and purpose of its enactment.*   *Flam v. Ward,* 64 Ala. 33; *Felrath v. Schenfield,* 76 Ala. 199; *Tompkins v. Levy,* 6 S. W. Rep. 346; *Ballou v. Giles,* 50 Wis. 614; *Casebolt v. Donaldson,* 67 Mo. 308.

A policy of insurance of this kind is in the nature of an executed voluntary settlement that vests in the persons to whom the insurance money is made payable an actual subsisting interest in the policy, but not an absolute unconditional ownership of it, and of the moneys therein agreed to be paid.   The interest of the beneficiaries is subject to the right of the insured who has paid the premiums to revoke the same and retain it himself or vest it elsewhere.   *Foster v. Giles,* 5 Wis. 603.   The situation may be likened to that of a legacy provided in a will which does not become operative until the death of the testator, and which is subject to be modified or entirely changed at the time before the

happening of the event.    This doctrine is in consonance
with that of the supreme court of this state as declared
in *Baker, Trustee, v. Young*, 47 Mo. 453.    This was a
case where the husband had procured insurance on his
life for the benefit of his wife, the premium being paid
by himself, and subsequently he joined his wife in the
assignment of the policy to another.    The husband later
on caused himself to be appointed trustee for his wife
and next friend for the children, and then in these
capacities he brought suit against the holder of the
policy under the assignment for its recovery.

Upon this state of facts it was held that the assign-
ment was not void.    No other question was before the
court in that case.    The facts there are wholly dissim-
ilar to what they are in this case.

*Charter Oak Life Ins. Co. v. Brant*, 47 Mo. 418,
was a case where a policy of insurance, taken out by
the husband on his own life in favor of the wife, had
been assigned by husband and wife for a valuable consid-
eration, and it was held that the assignment was valid.
No such question as is here presented was considered,
or passed upon in either of the two cases last cited, and
what is there said furnishes no controlling rule for our
guidance in this case.

In this case, unlike those just reverted to, the right
and title of the beneficiaries to the money to be paid
under the policy had absolutely and unconditionally
vested when the assignment was made to defendant
bank.    Who are the beneficiaries—the wife only, or the
wife and her children ?    The statute declares in express
terms both to be such beneficiaries.    A construction of
the statute that restricts the provisions of the policy for
the use and benefit of the wife only would render inef-
fectual and nugatory the express terms of the statute
which makes the children equal beneficiaries with the
wife.    This narrow construction would, in effect, elim-
inate from the statute the provision that the legislature

in its wisdom has made for the benefit of the children of the wife.

. As has already been intimated, a policy of insurance of this character is in the nature of a voluntary settlement, and in some respects may be likened to a will, and, hence, the rules which obtain in determining the rights of legatees under the latter may be resorted to in determining the rights of beneficiaries under the former. In *Allen v. Claybrook*, 58 Mo. 124, a will directed the executor to invest a certain fund for the benefit of Jane Allen and her children, and not to be subject to the control of her husband. The fund was afterwards invested by a trustee in certain lands, which were conveyed by him to Jane Allen and her children to their only proper use and behoof forever. It was held that under the will and the deed Jane Allen had no power to dispose of the property and hence took no absolute and exclusive title to the land, but merely an estate in common with her children, and could convey no more than her individual share. So, in *Hamilton v. Pitcher*, 53 Mo. 334, which was a case where a woman and her children were grantees in a deed, it was said they took as tenants in common. Again, it has been held that under the statute of this state, which provides that in certain cases when the head of the family should die that his homestead "shall pass to and vest in his widow and minor children," that the wife cannot, by an act of hers, deprive the children of their right in the homestead. *Rhorer v. Brockhage*, 86 Mo. 544.

We think that, under any fair and just interpretation of the language of the statute, the children of the plaintiff have an absolute vested interest in the policy of insurance in question, as well as in the proceeds thereof in the custody of the court in common with her. We do not think that it comports with the benignant spirit or policy of the statute to allow a widow under such circumstances to assign the entire policy either to

secure her husband's debts or for any other purpose she may choose. This would be to discountenance the vested rights of the other beneficiaries, the children, in the policy and the fund, and to render the statute a meaningless thing. It would be giving a weak, improvident or unnatural mother the power, if she chose, to deprive the children of that which is theirs under the law. So dangerous a power was certainly not intended by the lawmaker to be left in the hands of one ordinarily so unfit to wield it. She is under no bond for the faithful application of the fund as to the children ; and if she may appropriate it in its entirety for any purpose that may be her pleasure without let or hindrance, then indeed has the endeavor of the legislature to throw a shield around the rights of the children by the enactment of this statute been all in vain. The statute so construed has for its object the protection of the wife only, and not the children as well. Its words as to the children may as well have been omitted, as nothing would be implied by their presence there. A construction so unreasonable cannot have our approval.

It may be that the widow could assign her interest in the policy, but, in view of the disposition which we shall make of this case, that question becomes unimportant and need not be further noticed.

It may be, too, that in a suit on the policy that the children should be joined, but, as no question of this kind is raised by the record before us, we withhold the expression of any opinion as to that matter.

II. In respect to the issue of facts as to whether the assignment was procured by fraud and undue influence, it is sufficient to observe that we have subjected the entire evidence to quite a rigid scrutiny, and, owing to its conflicting and contradictory nature, it is very difficult to determine the question of the preponderance. The learned circuit judge, before whom the case was tried, was presumably acquainted with all the witnesses

who testified, and to his finding therein we think it is our duty to defer. *Snell v. Harrison,* 83 Mo. 651; *Sharp v. McPike,* 62 Mo. 300; *Hodges v. Black,* 76 Mo. 537.

The decree of the circuit court is affirmed. All concur.