Gantt, P. J.
(concurring). — I concur in reversing the judgment of the circuit court because, in my opinion, there was no substantial evidence upon which the circuit court was authorized to render a decree that John Painter had wrongfully, fraudulently or otherwise converted the property of plaintiffs to his use. But I do not agree in overruling Baker v. Young, 47 Mo. 453.
That decision was rendered in 1871 by a unanimous court, and was a direct construction of both sections 15 and 18 and it was then distinctly adjudged that the children of the wife, for whose benefit the husband’s life had been insured, had no interest in the policy in the lifetime of their mother, Judge Wagner saying: “The clause in this section, that the policy shall inure to the separate use and benefit of the wife and her chil *686 dren, applies simply to the manner of the descent and distribution. After the wife has received and reduced the money to possession, and she dies, it shall go to her children, and not to the husband’s representatives. This interpretation is made the more apparent by the concluding, paragraph of the section providing for the appointment of a trustee to manage the interests of the married woman in the policy and its proceeds. But nothing is said concerning the interests of the children. In the case of The Charter Oak Life Insurance Company v. Brant, ante [47 Mo.] p. 419, we expressed our opinion in favor of the assignability of these policies, where such assignment did not conflict with the policy and spirit of the statute. "We must now arrive at the intent of the legislature in the enactment of the eighteenth section. It provides for the inurement of the insurance for the benefit of the wife and children, independently of the husband and his creditors. It gives it to the wife and allows her to keep and retain it, if she chooses to do so, without molestation. The creditors of the husband can not reach it and deprive her of it against her consent, nor can the husband intermeddle with it contrary to. her will. But there are no terms of restraint used, nor any provision against voluntary alienation on her part.”
I am aware that the Kansas City court of appeals in Wanschaff v. Benefit Soc., 41 Mo. App. 206, has construed section 18 as giving the children the proceeds of the policy share and share alike with the wife and depriving her of the sole interest in it, and construed Judge Wag-neb’s opinion, supra, as not holding a contrary view, but I confess my inability to discover how it can be said this point was not a matter in judgment in that case. That case, it is true, arose upon the validity of the wife’s assignment but the point was pressed upon the court in the brief of the appellant that the assignment was void as against the children and to that *687 contention the court responded that £ £the children are not proper parties and they have no interest in the proceeding.” More than that, the suit in that case was brought by Baker as trustee of his children to avoid the assignment which had been made. How it can be said this .court did not then pass upon this eighteenth section and the right of the children to a share in a policy coming within its terms, after considering that case, is beyond my understanding. I think the Wanschaff decision is in direct contradiction of the Balter-Young case.
Holding then, as I do, that this eighteenth section of General Statutes, 1865, afterward section 1872, .and section 5981, Eevised Statutes, 1879, and section 5854, Eevised Statutes, 1889, was directly construed in Balter v. Young, the propriety of overruling that decision must be considered. It has stood unchallenged and unreversed by any decision of this court for a quarter of a century. Its authority seems never to have been questioned until the Wanschaff case and in my opinion the court of appeals should have followed it in that ease as controlling authority.
That section as construed by this court has been twice revised since the promulgation of Baker v. Young and its language remains identically the same save in one respect which, in my opinion, not only does not change the construction placed upon it but would the rather tend to show that the legislature accepted the construction of the court in Baker v. Young. The amendment is in these words, and first appears in Eevised Statutes, 1879, section 5981: “In the event of the death of such married woman before her husband, the said policy shall inure to the children of such marriage, to the exclusion of creditors and executors and administrators of said husband, any technical words or phrases in the policy to the contrary notwithstanding.”
*688 The amendment only gives the insurance to the children of the wife in the event of her death before the husband. Certainly the argument of my learned associate is not affected by the amendment, because, if I understand him correctly, it is based upon the conjunction of the words “wife and children,” in the original section.
This section, then, remaining the same as to the part now under consideration through two revisions occurring nearly twenty years after it was construed, it does seem to me that it must be presumed that the legislature adopted the construction put upon it by this court. In Handlin v. Morgan County, 57 Mo. 116, it was said: “Where a court of last resort construes a statute, and that statute is afterward re-enacted, or continued in force, without any change in its terms, it is presumed that the legislature adopted the construction given to it by the court.” This rule of construction was reaffirmed in Easton v. Courtwright, 84 Mo. 27.
For these reasons, I do not agree in overruling Baker v. Young.
Sherwood, J., concurs with me in declining to overrule Baker v. Young, and we reaffirm the ruling in that case.